183 F.2d 588
 FEDERATED MEAT CORPORATION
v.
RECONSTRUCTION FINANCE CORPORATION.
UNITED MEAT CO., Inc.,
v.
RECONSTRUCTION FINANCE CORPORATION.
 No. 522.
 No. 523.
 United States Emergency Court of Appeals.
 Heard at Washington May 18, 1950.
 Decided July 12, 1950.
 
 I. H. Wachtel, New York City, with whom James G. Boss, Washington, D. C., and Louis Katz, New York City, were on the brief, for complainants.
 George Arthur Fruit, Washington, D. C., with whom Joseph M. Friedman, Special Assistant to the Attorney General, Department of Justice, was on the brief, for respondent.
 Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.
 MARIS, Chief Judge.
 
 
 1
 The complainants, Federated Meat Corporation and United Meat Company, Inc., are New York corporations organized respectively in December, 1944 and January, 1945. Their stockholders were retail Kosher butchers in New York City. Complainants bought and slaughtered livestock and sold the meat to their stockholders. The complainants in the course of their operations bought livestock at prices so high as to violate Maximum Price Regulation No. 574, which set both overriding ceilings on livestock and maximum permissible costs on slaughterers' monthly purchases. Both complainants discontinued operations at the end of March, 1946. For each month of 1945 and for the months of January, February and March, 1946, the complainants filed with the respondent claims for the subsidy provided for by Revised Livestock Slaughter Payments Regulation No. 3.[1] In each case the respondent made price compliance deductions from the amount requested in the claim as authorized by Section 7003.8 of Revised Livestock Slaughter Payments Regulation No. 3 by reason of the fact that the complainants' cattle costs exceeded the maximum allowable under the regulations.
 
 
 2
 In 1945 and 1946 the Office of Price Administration brought or caused to be brought various civil and criminal enforcement proceedings against the complainants for violations of Revised Maximum Price Regulation No. 169 and Maximum Price Regulation No. 574. In two of these actions preliminary injunctions were issued against the complainants for the violation of MPR 574, in the case of Federated Meat Corporation for the month of May, 1945 and in the case of United Meat Company, Inc. for the month of August, 1945. In January 1946 the Office of Price Administration certified these two determinations to the respondent pursuant to the second clause of Section 7003.10(a).[2] That clause was adopted to carry out the direction contained in Section 7(b) (2) of Directive 41 of the Economic Stabilization Director[3] to Defense Supplies Corporation. The respondent Reconstruction Finance Corporation succeeded on July 1, 1945[4] to the functions of Defense Supplies Corporation in the subsidy program. Respondent accordingly invalidated complainants' subsidy claims for the respective months of May and August, 1945 pursuant to Section 7003.10(a).
 
 
 3
 Criminal prosecutions brought against complainants for violations of MPR 574 were the basis of certifications by the Office of Price Administration to the respondent in February, 1946 under the first clause of Section 7003.10(a) of Revised Livestock Slaughter Payments Regulation No. 3.[5] The prosecutions having been dismissed, the Office of Price Administration withdrew its certifications on December 10, 1946 although pointing out that it was still attempting to obtain criminal convictions of the complainants for violations of MPR 574. The criminal prosecutions in a New York state court to which this was a reference were dismissed for want of jurisdiction on May 2, 1947.
 
 
 4
 The complainants' subsidy claims for May and August, 1945, respectively, reduced by the price compliance deductions, had been paid prior to their invalidation. The complainants' other subsidy claims, likewise reduced by appropriate price compliance reductions, have also been paid except those for the months of December, 1945 and January, February and March, 1946, amounting in the case of Federated Meat Corporation to $169,921.27 and in the case of United Meat Company, Inc. to $225,573.66. As already stated the complainants ceased their slaughtering operations at the end of March, 1946.
 
 
 5
 In May, 1947 each of the complainants brought a suit against the respondent in the United States District Court for the District of Columbia for the recovery of the amount of their unpaid subsidy claims. The respondent in its answers to the two complaints by way of defense and counterclaim alleged that the complainants had violated RMPR 169 and MPR 574 and asked for determinations by the court that such violations had taken place. Respondent also denied the jurisdiction of the District Court to the extent that the complainants were challenging the validity of any orders or regulations issued under Section 2(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 902(e).
 
 
 6
 Thereafter the complainants moved for summary judgments, which the District Court denied. Upon special appeals to the United States Court of Appeals for the District of Columbia the orders denying summary judgment were affirmed. United Meat Co. v. Reconstruction Finance Corp., 1949, 85 U.S.App.D.C. 9, 174 F.2d 528. The complainants had contended in the District Court and in the Court of Appeals that their unpaid subsidy claims were payable immediately and that respondent's defense and counterclaim asking the District Court to make determinations of complainants' violations of the price regulations were ineffective as a matter of law. The Court of Appeals rejected complainants' contention and accepted respondent's view that both Revised Livestock Slaughter Payments Regulation No. 3, as amended, and Directive 41 empowered respondent to refuse payment of the subsidy claims pending the procurement of a judicial determination of complainants' violations of the price regulations. Since the date of the decision of the Court of Appeals the cases have been pending in the District Court awaiting trial.
 
 
 7
 In May, 1949, following the decision of the Court of Appeals for the District of Columbia, the complainants filed protests with the respondent against (a) "the orders of the RFC invalidating and refusing to pay Protestant's claims for livestock slaughter payments for the months of December 1945, and January, February, and March 1946, * * *; (b) the order of the RFC invalidating Protestant's subsidy claim for May [August] 1945; (c) those provisions of RFC's Revised Regulation No. 3 which, as interpreted, authorize and permit the invalidation of and refusal to pay said claims." The respondent denied the protests on November 9, 1949. It held that its invalidation of the subsidy claims for May and August 1945 was in accordance with and required by Section 7003.10(a) of Revised Livestock Slaughter Payments Regulation No. 3, as amended, and Section 7(b) (2) of Directive 41, that the protests against its refusal to pay the other claims were premature "there having been no final determination or disposition by this Corporation of protestant's meat subsidy claims". The respondent also pointed out that protestants in their protests had admitted that for each of the months in question they had violated MPR 574 and that there were proceedings pending in the District Court for the District of Columbia in which the courts had held that respondent might obtain the necessary determinations of violations of price regulations and that the administrative process had, therefore, not been completed. On November 29, 1949 the complainants filed the present complaints which were consolidated for hearing and disposition.
 
 
 8
 Although the contentions of the complainants have covered a wide range, only two issues are properly presented for our consideration. The first is whether the action of the respondent in invalidating the complainants' subsidy claims for May and August, 1945, respectively, was erroneous. The second is whether Revised Livestock Slaughter Payments Regulations No. 3, as amended, is valid as construed by the District Court and Court of Appeals for the District of Columbia to authorize the respondent to withhold payment of the complainants' subsidy claims for December, 1945 and January, February and March, 1946, pending judicial determination of complainants' alleged violations of the price regulations. The complainants have also asserted that the action of the respondent in withholding payment of the subsidy claims for December, 1945 and January, February and March, 1946 is arbitrary, capricious and discriminatory and should, therefore, be set aside as invalid. We are satisfied, however, that the mere failure of the respondent to pay these subsidy claims pending the conclusion of the proceedings in the District Court does not amount to an order by the respondent issued under Section 2(e) of the Emergency Price Control Act and is, therefore, not reviewable in this court. We pass, therefore, to the consideration of the two issues which are properly here.
 
 
 9
 The first of these, as has just been indicated, involves the validity of the respondent's action in invalidating the complainants' subsidy claims for May and August, 1945 respectively. That action was on its face strictly in accord with the second clause of Section 7003.10(a) of Revised Livestock Slaughter Payments Regulation No. 3, as amended, in that it was taken upon certifications by the Office of Price Administration that the complainants had been determined in civil proceedings to have violated MPR 574. The complainants contend, however, that while civil proceedings had been brought against them in these instances they involved merely the issuance of interlocutory injunctions restraining them from further violations of the price regulation in question and, therefore, did not involve determinations of violations within the meaning of Section 7003.10(a) of Revised Livestock Slaughter Payments Regulation No. 3, as amended. The complainants' contention is that the regulation contemplates in this connection only the determination involved in the final decision of a civil proceeding. We do not agree.
 
 
 10
 Civil Procedure Rule 52, 28 U.S. C.A., requires a district court when issuing an interlocutory injunction to make findings of fact and conclusions of law. If the findings and conclusions thus made involve a determination that the defendant has violated a substantive provision of any regulation or order of the Office of Price Administration applicable to the purchase or sale of livestock or to livestock slaughter or to the sale or distribution of meat it would be a determination within the meaning of Section 7003.10(a). The fact that it was made at a preliminary stage in the law suit is wholly immaterial. In the case before us the complainants have based their case with respect to this issue wholly upon the proposition that an interlocutory injunction proceeding can as a matter of law never result in a determination of violation within the meaning of Section 7003.10(a). They have not shown that such determinations were not in fact made in the two interlocutory injunction proceedings which the Office of Price Administration certified to the respondent as the basis for its action. Having failed to meet their burden in this respect we cannot sustain their contention that the respondent's orders invalidating the subsidy claims for May and August, 1945 are invalid.
 
 
 11
 We turn, therefore, to the second issue which these complaints present. As we have seen, the respondent failed to pay the complainants' subsidy claims for December, 1945 and January, February and March, 1946. The complainants thereupon brought suits for the recovery of these subsidies in the District Court for the District of Columbia. In those suits the respondent by way of defense has asked the court to make a determination that the complainants have violated RMPR 169 and MPR 574 and assert that such determination will be a proper basis for the invalidation and denial by respondent of complainants' subsidy claims. Upon appeal in those cases the Court of Appeals for the District of Columbia held, as noted above, that the defense thus set up by the respondent is a valid one if established and that Revised Livestock Slaughter Payments Regulation No. 3, as amended, authorizes the respondent to withhold payment of the subsidy claims in question until it has an opportunity in the pending litigation to establish this defense by securing a determination of the question as to complainants' violations. Accordingly the issue presented to us is whether Revised Livestock Slaughter Payments Regulation No. 3 is valid as thus construed to authorize the temporary withholding of subsidy payments for the time necessary to permit the court in a pending civil proceeding to act upon the respondent's request for a determination that the subsidy applicant has violated applicable price regulations.
 
 
 12
 We think that the complainants have failed to sustain their burden of establishing the invalidity of the regulation as thus construed. It is true that the subsidies which it provided for "were closely articulated with the price control program and operated as compensatory in nature so as to validate a lower level of legal maximum prices than otherwise would have been permissible under the standards laid down in the Act for the guidance of the Price Administrator."[6] But it is equally clear that subsidy funds were not intended to be diverted from the accomplishment of that object by payment to slaughterers who were not complying with the price control regulations. Not only did Section 7003.10(a) of Revised Livestock Slaughter Payments Regulation No. 3, as amended, provide for the invalidation of subsidy claims in such cases but also Section 7003.9(d) provides that on a finding that a claim is invalid the respondent shall have the right to require restitution of any payment or any part thereof theretofore made on it or may deduct it from any accrued or subsequent claim due the same applicant. It is thus clear that if the respondent should be compelled to make payment of the complainants' unpaid subsidy claims at this time and later a determination of violations should be made by the District Court for the District of Columbia upon the basis of which the respondent should invalidate the claims thus paid the complainants would be required to make restitution of the amounts paid. It is certainly not arbitrary or capricious for the regulation to make unnecessary such circuity of action by permitting the paying agent to withhold payment until the termination of a pending lawsuit which involves the question whether the subsidy applicant has violated price control regulations.[7] Indeed to deny such a right might well seriously prejudice the public treasury. We conclude that the regulation is not invalid as construed by the District of Columbia courts.
 
 
 13
 A judgment will be entered dismissing the complaint.
 
 
 
 Notes:
 
 
 [1]
 10 F.R. 4241, issued April 9, 1945, effective January 19, 1945
 
 
 [2]
 The second clause of Section 7003.10(a) of Revised Livestock Slaughter Payments Regulation No. 3, 10 F.R. 8073, as amended and in force at that time, provided:
 "Reconstruction Finance Corporation shall declare invalid, in whole or in part, * * * any claim of any applicant who the Price Administrator certifies to Reconstruction Finance Corporation has been determined in a civil proceeding to have violated a substantive provision of any regulation or order of the Office of Price Administration applicable to the purchase or sale of livestock or to livestock slaughter or to the sale or distribution of meat."
 
 
 [3]
 Section 7(b) (2) of Directive 41, 10 F.R. 4494, issued April 23, 1945, effective April 24, 1945, provided:
 "(2) Upon a nisi prius determination in a civil action or proceeding (including a proceeding before a hearing commissioner) against a subsidy applicant, that such applicant has violated any substantive provision of an Office of Price Administration meat or livestock regulation or order, the Office of Price Administration shall certify the determination to Defense Supplies Corporation, including the period of time during which the violation is found to have occurred. Defense Supplies Corporation shall thereupon withhold payment on all subsidy claims of the applicant for the accounting period in which the violation is found to have occurred. At the same time that the certification is made to Defense Supplies Corporation, the Office of Price Administration shall in writing notify the subsidy applicant that the certification is being made and request the applicant to submit to the Office of Price Administration a signed statement indicating whether he operates more than one selling establishment and, if so, giving for the accounting period or periods during which the determination of violation was made, the gross dollar sales of meat and related products made through the establishment determined to be in violation and the gross dollar sales of meat and related products of all establishments. Upon receipt of such signed statement giving the gross dollar sales as specified, in the event the applicant has more than one selling establishment, the Office of Price Administration shall determine what percentage of the applicant's gross dollar sales of all establishments is represented by the gross dollar sales of the establishment determined to be in violation. The Office of Price Administration shall thereupon notify the Defense Supplies Corporation to change its withholding of subsidy payment to an amount equal to the specified percentage of the subsidy withheld following the certification. In the event that the determination of violation shall be reversed and such reversal becomes final, the amount of subsidy withheld pursuant to this paragraph shall be payable forthwith.
 "For the purposes of this section, every provision of a regulation or order shall be deemed substantive in nature unless the Office of Price Administration determines otherwise."
 
 
 [4]
 Act of June 30, 1945, 59 Stat. 310, c. 215, 15 U.S.C.A. § 611 note. Amendment 6 to Revised Livestock Slaughter Payments Regulation No. 3, 10 F.R. 11155, issued July 4, 1945, effective July 1, 1945
 
 
 [5]
 The first clause of Section 7003.10(a) of Revised Livestock Slaughter Payments Regulation No. 3, as amended 10 F.R. 8073, and then in force provided: "Reconstruction Finance Corporation shall declare invalid, in whole or in part, any claim filed by an applicant who, in the judgment of the War Food Administrator or the Price Administrator, has wilfully violated any regulation or order of their respective agencies applicable to the purchase or sale of livestock or to livestock slaughter or to the sale or distribution of meat, * * *."
 
 
 [6]
 Armour & Co. v. Reconstruction Finance Corporation, Em.App.1947, 162 F.2d 918, 922
 
 
 [7]
 See United States v. Adams, 1868, 7 Wall. 463, 74 U.S. 463, 19 L.Ed. 249