## UNITED MEAT CO., Inc. v. RECONSTRUCTION FINANCE CORP.

## FEDERATED MEAT CORP. v. RECONSTRUCTION FINANCE CORP.

### Civ. A. Nos. 2089–47, 2090–47.

United States District Court
District of Columbia.

Oct. 3, 1951.

Albert I. Schmalholz, New York City, Byron N. Scott, Washington, D. C., William Sardell, Louis Katz, New York City, for plaintiffs.

George Arthur Fruit, Newell A. Clapp, Joseph M. Friedman, and George Morris Fay, U. S. Atty., Washington, D. C., for defendant.

PINE, District Judge.

Plaintiffs, who were meat slaughterers, filed these actions to obtain meat subsidy payments authorized by the Emergency Price Control Act of 1942[1] and Directive 41, Office of Economic Stabilization.[2]

Defendant, by answer, alleged that plaintiffs had violated Maximum Price Regulation 574, Office of Price Administration, during and prior to the periods for which plaintiffs sought payments. By counterclaim, it prayed for a determination of such violations under said Directive 41 as a basis for non-payment.

Plaintiffs filed motions for summary judgment, asserting that this Court had no jurisdiction to make the determination after the institution of suits by plaintiffs. These motions were denied, and on special appeal the United States Court of Appeals for the District of Columbia affirmed, holding that defendant could properly ask this Court for such determination and withhold payments pending the same.[3]

Thereupon plaintiffs filed protests with the defendant, attacking the validity of de-

---

1. 50 U.S.C.A.Appendix, § 902(e).
2. 10 F.R. 4494.

3. United Meat Co., Inc., v. R. F. C.; Federated Meat Corp. v. R. F. C.; 85 U. S.App.D.C. 9, 174 F.2d 528.

fendant's Regulation 3,[4] on which it relied as authority for refusal of subsidy payments, and upon denial of the protests, filed suit in the United States Emergency Court of Appeals, praying that the regulation be declared invalid. This the Emergency Court of Appeals refused to do, and decided that the regulation as interpreted by the Court of Appeals was valid and correctly interpreted.[5]

Plaintiffs then moved in this Court for a dismissal of their actions without prejudice. This motion was granted, but defendant's counterclaims were expressly left pending for adjudication. Thereupon defendant moved for summary judgment on its counterclaims in each of the above cases, and these motions are now before this Court for decision. The motions were consolidated for hearing; the issues raised are identical, and both are therefore decided herein.

Maximum Price Regulation 574 prescribes so-called drove ceilings, that is,. "Maximum amounts which certain slaughterers may pay for all cattle slaughtered during an accounting period" (Sec. 9), and provides that "no person in the course of trade or business shall pay for live cattle bought or received during any accounting period an amount higher than the maximum amount fixed by this regulation for such live cattle during such accounting period" (Sec. 2(a). The basic formula for determining the maximum permissible cost is contained in Secs. 9(b) and (c), and employing this formula, plaintiffs submitted monthly reports. Each showed an overage in the amount paid of from 4% to 10% for the accounting periods for which subsidy payments were sought,[6] and of from 1% to 7% for preceding periods for which subsidies had been paid.[7] These reports are attached as exhibits to the motions here under consideration. Their authenticity is not disputed, and their accuracy is not denied.

They were certified by plaintiffs to be true, and formed the basis of their subsidy claims. They conclusively show, and there is no genuine issue to the contrary, that plaintiffs bought livestock at prices so high as to violate MPR 574 during the months covered by defendant's motion. Indeed, the Emergency Court of Appeals has so found.[8] The legal question, therefore, is whether such undisputed fact, without more, is sufficient to warrant a judicial determination of violations contemplated by the directive and regulation hereinbefore referred to, and thereby provide a defense to any future attempts to collect the subsidies and a basis for recapturing subsidies erroneously paid. Defendant contends that it is sufficient, but plaintiffs take the position that there must be in addition a finding of wilful violation on their part to warrant such determination, and that there is a genuine issue as to such question.

Prior to May 1945, Regulation 3, revised (Section 7003.10(a), of Defense Supplies Corporation (defendant's predecessor) provided that it "shall have the right to declare invalid, in whole or in part, * * * any claim [for subsidy payments] filed by an applicant who, in the judgment of the War Food Administrator or the Price Administrator, has wilfully violated any regulation of their respective agencies applicable to the purchase or sale of livestock or to livestock slaughter or to the sale or distribution of meat."

On April 23, 1945, the Economic Stabilization Director issued his Directive 41 effective April 24, 1945, in which, in Section 7(b)(1) thereof, the Defense Supplies Corporation was directed as follows: "Defense Supplies Corporation is directed to continue its present procedure of declaring invalid,. in whole or in part, any claim for subsidy payment filed by an applicant who, in the judgment of the Price Administrator, has.

---

4. Defense Supplies Corporation was initially directed to act in the subsidy program; its powers and functions were transferred to defendant as of July 1, 1945, by the Act of June 30, 1945, 59 Stat. 310, 15 U.S.C.A. § 611 note. "Defendant" will be used to include both Defense Supplies Corporation and defendant Reconstruction Finance Corporation.

5. Federated Meat Corp. v. Reconstruction Finance Corp., 183 F.2d 588.

6. December 1945, January, February, and March 1946.

7. May through November 1945.

8. Federated Meat Corp. v. R. F. C., 183 F. 2d 588, 589.

wilfully violated any meat or livestock regulation or order issued by the Price Administrator."

But in the following section of Directive 41, namely Section 7(b) (2), an entirely new provision was added, reading as follows: "Upon a nisi prius determination in a civil action or proceeding * * * against a subsidy applicant, that such applicant has violated any substantive [9] provision of an Office of Price Administration meat or livestock regulation or order, the Office of Price Administration shall certify the determination to Defense Supplies Corporation, including the period of time during which the violation is found to have occurred. Defense Supplies Corporation shall thereupon withhold payment on all subsidy claims of the applicant for the accounting period in which the violation is found to have occurred."

It will be noted that in the new provision for a nisi prius determination, the requirement for a finding of wilfulness is omitted.

On April 24, 1945, defendant's Revised Regulation No. 3 was amended, effective May 5, 1945, pursuant to Directive No. 41, supra, and as amended it added to its Regulation 3, hereinabove set forth, a new provision requiring that Defense Supplies Corporation shall also declare invalid "any claim of any applicant who the Price Administrator certifies to Defense Supplies Corporation has been determined in a civil proceeding to have violated a substantive provision of any regulation or order of the Office of Price Administration applicable to the purchase or sale of livestock or to livestock slaughter or to the sale or distribution of meat."

It therefore appears that the Office of Economic Stabilization in the promulgation of its Directive No. 41, and the Defense Supplies Corporation in the promulgation of its amendment to Revised Regulation No. 3, not only omitted, but intentionally omitted, the necessity for a finding of wilfulness in the case of a judicial determination of violations of OPA Regulations as a basis for withholding subsidy payments, but retained the necessity for such a finding in the case of a determination of such violations by the War Food Administrator or the Price Administrator. I am therefore of the view that a finding of wilfulness is not necessary to warrant a judicial determination of violation in this proceeding.

The Court of Appeals having held that such determination can be made in the instant cases, and there being no genuine issue of the fact that there have been violations, the conclusion is inescapable that defendant is entitled to the declaratory judgment sought in its counterclaim.

It does not assist plaintiffs to note that in the spring of 1946, one year later, the requirement for a judicial determination of violations of MPR 574 for non-payment of a subsidy claim and invalidation thereof was eliminated and an automatic sliding scale for subsidy invalidation was put into effect. This sliding scale was made necessary because the delay inherent in a judicial determination of violations permitted dangerous pressures upon the price control structure to develop. Under this automatic device, if the violations were 2% or more of the permissible cost, the subsidy claims were completely invalidated. Assuming, arguendo, that the sliding scale device had some retroactive significance, in the case of Federated Meat Corporation, the overage rounded to the nearest percent was 2% or greater for every month involved, and the overage in the case of United was 2% or greater for every month involved save one, when it was 1%. For the months involved in the complaint the overage was from 4% to 10%.

It is true that the United States Court of Appeals in this case on special appeal, in affirming the denial of plaintiffs' motions for summary judgment, stated that "the issues of fact, particularly those relative to willful violations of price regulations, must be determined as a prerequisite to judg-

9. This section further provided that "every provision of a regulation or order shall be deemed substantive in nature unless the Office of Price Administration determines otherwise." No contrary determination has been made.

440

ments in the actions."[10]  This statement concerns an allegation by defendant of wilful violations of OPA Regulations; these cases as they went to the Court of Appeals on motions for summary judgment contained this additional defense, and this phase of the opinion related to this defense. The defendant now, although still maintaining that wilfulness is established by the record, claims that wilfulness is not essential to a decision in its favor, and it is so decided herein.

Other contentions of the plaintiffs have been examined and are found to be without merit.

The motions for summary judgment will be granted. Counsel will submit appropriate orders.

10.  United Meat Co., Inc., v. R. F. C., supra, 85 U.S.App.D.C. at page 12, 174 F.2d at page 531.