**UNITED STATES of America,**
**Plaintiff,**

v.

**Edward BEARD and Al J. Beard, former-**
**ly doing business as A. J. Beard**
**& Son, Defendants.**

**Civ. No. 4312.**

United States District Court
N. D. New York.

Feb. 10, 1956.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y. (George W. Seager, Asst. U. S. Atty., Phelps, N. Y., of counsel), for plaintiff.

Harry Pozefsky, Gloversville, N. Y., for defendants.

FOLEY, District Judge.

The government moves for summary judgment. The suit is one to recapture subsidy payments made by the Reconstruction Finance Corporation to the defendant under the provisions of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 902 (e), and the pertinent regulations promulgated thereunder. The payments were made under the program far back in 1945 and 1946, and the complaint seeks judgment in the substantial amount of $31,524.20, with interest of 4% from the date of the payment of the subsidies to the date of judgment.

Decision has been difficult for me because of the complexity of the statute and the numerous regulations and directives to be applied. Much has been written on the subject by the courts which is helpful on that part of the research, but a clear grasp of the function of the District Court in these matters, when

near the end of the road as here, has been most troublesome for me despite a continuous reading of the many authorities.

Classic examples of tortuous and circuitous judicial procedures in similar problems are demonstrated in United Meat Co. v. R. F. C., 85 U.S.App.D.C. 9, 174 F.2d 528; Id., Em.App., 183 F.2d 588; Id., D.C., 100 F.Supp. 437; also Riverview Packing Co. v. R. F. C., D.C., 92 F.Supp. 376, 382; Id., Em.App., 207 F.2d 415; Id., 3 Cir., 207 F.2d 361; also R. F. C. v. Stanolind Pipe Line Co., D.C., 95 F.Supp. 716; R. F. C. v. Service Pipe Line Co., 10 Cir., 198 F.2d 775; Service Pipe Line Co. v. R. F. C., Em. App., 217 F.2d 312. To me, from these decisions, there seems to be an attitude on the part of the courts to allow a revival of administrative protest procedures and review by the Emergency Court of Appeals whenever possible. See 50 U.S.C.A.Appendix, § 924(e) (1); Silver Pine Oil Co. v. R. F. C., Em.App. 1953, 205 F.2d 835. There are also varying concepts as to the function and jurisdiction of the District Courts. An interesting discussion on this question of jurisdiction is contained in Riverview Packing Co. v. R. F. C., 3 Cir., 207 F.2d 361, 366–369. This opinion is written by Judge Maris who has had a wealth of experience in these involved matters. It raises, at least in my mind, important problems and I think in cases of this kind it should be comprehensively briefed, analyzed and distinguished.

The questions in my mind are: Is the Reconstruction Finance Corporation still in existence and does it still entertain protests despite its Regulation No. 11 (15 F.R. 6193), making December 15, 1950 the deadline for filing protests? Are there other court decisions as United States v. Luer Packing Co., D.C., 110 F. Supp. 792, United States v. Trenton Packing Co., D.C., 133 F.Supp. 69, which have strictly applied this regulation to foreclose administrative review? What is the significance of Silver Pine Oil Co. v. R. F. C., supra, interpreting Woods v.

Hills, 334 U.S. 210, 68 S.Ct. 992, 92 L.Ed. 1322, and suggesting in 1953 that a protest be filed? I pose these questions and the others raised by the Riverview case, 207 F.2d 361, 366–369, and the distinction of this case in United States v. Borin, 5 Cir., 209 F.2d 145, certiorari denied 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647, because under my disposition of this motion it is not necessary for me to reach a definite conclusion at this time of these troublesome problems. It would be most helpful to have further discussion and clarification on these points if this motion is renewed, and also further briefing along this line on the Tambasco case, Civil No. 5136, in which a similar motion is pending before me for decision. [See United States v. Tambasco, D.C., 144 F.Supp. 729].

Even if the law were clear to me in behalf of the government, I do not think that the record presented here would justify the grant of summary judgment. There are no exhibits attached to the complaint and none attached to the moving papers. There is only a statement by the United States Attorney of the general principles involved from the law and regulations with no reference to the factual background of the problem. It is true that the attorney for the defendant only submits a half-hearted statement that there is no genuine issue of fact without much showing to that effect. There are in the file, —and I do not know the manner of their submission,—two packets of photostats and government forms attached to covering letters, dated May 9, 1952 and July 15, 1952, to a previous United States Attorney. The forms are meaningless to me without explanation and are returned herewith to the government attorney. Contained therein is an interdepartmental letter dated August 27, 1947, which is the date the complaint states that the plaintiff duly issued an order invalidating all of defendants' subsidy claims. None of these papers are discussed in the briefs of the government, and I am at a loss to know what actually

transpired. The government should be able to pierce the affirmative demand of the defendants for $27,667.45, if such amount were declared invalid by the Reconstruction Finance Corporation.

■ The presence of a definite and final order of invalidation should be shown in the record and seems important to decision. See Riverview Packing Co. v. R. F. C., Em.App., 207 F.2d 415, 418–421; United States v. Bass, 8 Cir., 215 F.2d 9, 12; United Meat Co. v. R. F. C., D.C., 100 F.Supp. 437, 438. It is true that the defendant has admitted the invalidation of the subsidy payments, but as stated in United States v. Bass, supra, 215 F.2d at pages 12–13: "Defendant is correct in assuming that merely because he admitted that Exhibit B was an 'order' of the RFC that would not make it such an order." It is also apparent from the opinions in cases in which the government was successful, United States v. Luer Packing Co., supra, and United States v. Trenton Packing Co., supra, that there was great detail given by exhibits of the factual background and administrative procedures to justify summary judgment.

■■ At least it is the duty of the District Court to interpret the orders, whether they be formal or informal, and apply them to the facts of the case. Riverview Packing Co. v. R. F. C., Em. App., 207 F.2d 361, 368. Summary judgment should not be rested on an indefinite factual foundation. Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347, and the record upon which the moving party moves must clearly show there is no genuine issue of material fact. (6 Moore 2nd Ed. page 3161). If I were to grant summary judgment on the record here, I would feel as if I were acting in the dark or blindfolded.

The motion is denied without prejudice to renewal if the plaintiff be so advised, otherwise to await formal trial of the issues.

It is so Ordered.