**LUCAS BROTHERS**

v.

**CUDAHY COMPANY et al.**

Court of Appeals of Tennessee,
Eastern Section.

Oct. 23, 1975.

Certiorari Denied by Supreme Court
Feb. 9, 1976.

Miller, Martin, Hitching, Tipton, Lenihan & Waterhouse, Chattanooga, for appellant.

Shumacker, Thompson & Dycus, Chattanooga, for John Martin Company, Inc.

Scruggs, Seal & Alt, Chattanooga, for Lucas Brothers.

## OPINION

SANDERS, Judge.

The Defendant, Cudahy Company, has appealed from a partial summary judgment, as well as a judgment under an implied contract.

The Plaintiff, Lucas Brothers, filed suit in the Circuit Court of Hamilton County against the Defendants, Cudahy Company, John Martin Company, Inc., and Crane Supply Company.

The Defendant, Cudahy Company, is a substantial distributor of meats and food products and maintains a branch distribution plant in Chattanooga.

The Defendant, John Martin Company, Inc., is a general contractor and in 1972 Cudahy entered into a contract with Martin for the remodeling of its plant in Chattanooga.

The Plaintiff is an electrical and refrigeration contractor and Martin entered into a subcontract with the Plaintiff to do the electrical and refrigeration portion of the contract.

The work was to be performed according to plans and specifications furnished by Cudahy. Part of the work to be performed by the Plaintiff was the furnishing and installation of four refrigeration units.

The Plaintiff, in its complaint, alleges that it installed four refrigeration units which were approved by Cudahy and Martin prior to installation. After the installation the Plaintiff modified the refrigeration units at the request of Cudahy and Martin. Later, however, it was advised by Defendants Cudahy and Martin that the refrigeration units were not acceptable and were not in compliance with the plans and specifications and they refused to pay for their installation.

The allegations in the complaint as to the Crane Supply Company, which manufactured the refrigeration units, have become moot since they are not a party to this appeal.

Also, certain counterclaims were filed which are not pertinent here.

The Defendant, Martin, in its answer to the complaint, made a general denial of any liability to the Plaintiff, but filed a cross complaint against Cudahy alleging that the work had been completed according to the plans and specifications, that Cudahy had approved the refrigeration units which had been installed and that Cudahy was wrongfully refusing to pay the sum of $27,542.84.

Also, Martin asserted that Cudahy was liable to it under the prime contract for any amount the Plaintiff, Lucas, was entitled to recover under the subcontract.

The Defendant, Cudahy, in its answer to both the original complaint and cross complaint, says that the work was not completed according to the plans and specifications and that it did not approve the refrigeration units which were installed. It also insists that the installation work failed to comply with the contract; that it was defective and unsuitable; and that when corrective work was undertaken it was also defective and unsuitable.

Subsequent to the filing of the pleadings the Plaintiff, Lucas, filed a motion for summary judgment against the Defendants and a motion to dismiss a counterclaim which Martin had filed against Lucas. The motion states, as pertinent here, "This motion is made on the basis of the record heretofore compiled in this case and the brief in support hereof. Plaintiff is entitled to said judgment as a matter of law because the record in this cause shows, without factual dispute, that plaintiff in all respects fulfilled its contract according to the plans, specifications, and shop drawings of the contract and the directions of the defendant Cudahy's representative and that any problems caused by defects in the foregoing are not the legal responsibility of plaintiff. The only disputed issue to be decided by this Court is the amount of damages, . . . ."

On August 2, 1974, the Court filed a memorandum opinion in which he states that the cause came on to be further heard upon motions for summary judgment filed in behalf of the Plaintiff, Lucas Brothers, and the Defendant, John Martin Company, Inc. The memorandum opinion further states that on June 24, 1974, the Court granted summary judgment for the Plaintiff, Lucas, against the Defendant, Martin, and granted partial summary judgment for Martin against the Defendant, Cudahy.

However, the record fails to show that a motion for summary judgment was ever filed by Martin.

In granting the partial summary judgment in favor of Martin against Cudahy, the Court said, "The Court reserved for later determination the claim of Lucas Brothers against Cudahy Company for matters alleged in Lucas's alleged direct contract with Cudahy Company, including any offset which Cudahy might have for alleged poor workmanship, etc., and the Court as well reserved for later determination John Martin Company, Inc.'s cross claim against Cudahy Company with respect to the question of damages, any offsets due, etc."

After granting the summary judgment the parties all waived a jury trial and the case proceeded to trial on the issues reserved before The Honorable H. Ted Milburn, Circuit Judge, without a jury.

The Court found the issues in favor of the Plaintiff, Lucas, and against Martin on the original subcontract and awarded judgment for $8,941.54.

He found the issues in favor of Plaintiff Lucas and against Defendant Cudahy for extra work and awarded judgment for $11,377.16 and awarded a judgment in favor of Martin on its cross claim against Cudahy for $27,480.83.

The Defendant, Cudahy, has appealed and assigned error.

The Defendant's first assignment of error is to the action of the Court in granting summary judgment.

At the time the Court granted summary judgment, he had for consideration a number of depositions, interrogatories, affidavits and exhibits. From reading the evidence before the Court, it is very convincing that a change was made in the specifications for the installation of refrigeration units different from those called for in the original plans and this change was approved by the Defendant, Cudahy.

After the refrigeration units were installed they never worked properly. The reason they didn't work was that they were oversized for the evaporators they were supplying and probably would not have worked regardless of the quality of workmanship in their installation. However, this was disputed by the Defendant, Cudahy.

Cudahy insisted that the trouble stemmed from poor workmanship.

The Court, in its memorandum opinion on the summary judgment said: "Prior to said hearing on June 10, 1974, the Court had reviewed the entire record together with the briefs filed in behalf of the respective parties and inquired of counsel for defendant Cudahy Company whether or not there was any proof that, even had all workmanship been perfect, the refrigeration system would have functioned properly in spite of the excess capacity of the recold units installed by the plaintiff. Counsel for the defendant, Cudahy Company, responded on that occasion and again at a partial hearing on June 21, and a further hearing on June 24, 1974, that he had no such proof. Accordingly, on June 24, 1974, the Court granted summary judgment for plaintiff Lucas Brothers against defendant John Martin Company, granted partial summary judgment for John Martin Company in its cross-claim against defendant Cudahy Company, . . ."

\*    \*    \*    \*    \*    \*

"The Court had directed counsel for the plaintiff to prepare a formal order setting out the Court's specific findings of fact and rulings made on June 24, 1974. However,

on June 25, 1974, a motion to reconsider was filed by defendant Cudahy Company with an attached affidavit by one of its counsel of record stating in effect that he had been informed by two individuals who had performed 'corrective work' at defendant Cudahy Company's plant in question that 'in their opinion, the original units as installed by plaintiff would have functioned despite the excess capacity, had said installation and connecting work been correctly performed by plaintiff.' At the request of defendant Cudahy Company's counsel, the Court granted a hearing on his said motion to reconsider the following day, or June 26, 1974. After hearing argument of counsel, and considering the entire record, the Court was of the opinion that the affidavit of counsel for Cudahy Company came too late and that the affidavit of counsel, rather than that of the alleged experts, was insufficient as a countervailing affidavit in view of the record established by the witnesses for all of the parties that the sole, direct and proximate cause for the failure of the recold units in question to operate satisfactorily was due to their excess BTU capacity and not due to alleged poor workmanship."

The Court, in saying that the proof by the witnesses for all of the parties showed that the sole, direct and proximate cause of the failure of the recold units was due to their excess BTU capacity and not due to alleged poor workmanship, overlooked the testimony of Mr. Swanson, chief engineer for Cudahy. In his deposition he testified as follows:

"Q. Now I take it from your testimony this morning that it was finally determined that the recold units were oversized greatly to the condensing units.

"A. This was one of the problems, yes sir.

"Q. One of the problems?

"A. Yes, sir.

"Q. Were there other problems?

"A. Extremely poor workmanship, pipe undersizing, improper trapping of lines to run the oil to the compressors, improper insulation on the lines."

We think the case of *Costello D. Bond and Ollis J. Bond v. Dr. John A. Rogness and Cleveland Clinic for Women, Inc.,* decided by the Eastern Section of the Court of Appeals, correctly states the rule in this state concerning summary judgments. Judge Cooper, speaking for the court in that case, said:

"The burden of showing the absence of any genuine issue as to all the material facts rests upon the defendants in this case, they being the parties moving for summary judgment. *Evers v. Buxbaum,* [102 U.S.App.D.C. 334], 253 F.2d 356; *Walling v. Fairmont Creamery Co.* [8 Cir.], 139 F.2d 318; Moore's Federal Practice, Vol. 6, Sec. 56.15[3].

" 'The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law.' Moore's Federal Practice, supra, pages 2335 et seq.

"Further, it is generally recognized that in determining whether a genuine issue on a material fact exists in a case, the party opposing the motion for summary judgment should be accorded any and all favorable inferences to be drawn from evidence set forth in depositions, affidavits, admissions and the like, on file. See *McSpadden v. Mullins,* [8 Cir.], 456 F.2d 428; *Scott v. Dollahite,* [D.C.], 54 F.R.D. 430; *United Meat Co. v. RFC,* [85 U.S.App.D.C. 9], 174 Fed. [F.2d] 521 [528]. See also *Sherrill v. Collins,* decided by the Middle Section of this court on March _, 1973, wherein it is pointed out in an opinion by Judge Shriver that:

" 'The rule contemplated by 56.03 (Tennessee Rules of Civil Procedure) concerning proceedings on motion for summary judgment should be construed somewhat like our Courts have consistently con-

strued motions for directed verdicts in jury cases. That is to say, that if any reasonable doubt exists as to whether or not there are issues of fact to be determined, after examining the record, including affidavits and other data filed with the Court, the motion for a summary judgment should be denied and the parties should be given a chance to develop all of the facts before a final judgment is entered.' "

We think the steadfast insistence by the Defendant, Cudahy, that the failure of the equipment to properly function was the result of poor workmanship by the Plaintiff, Lucas, was a genuine issue of material fact which the Defendant was entitled to assert as a defense and it was entitled to have that issue submitted to the jury for consideration. The granting of the summary judgment deprived it of this defense.

The Defendant's first assignment of error is affirmed.

Other assignments were made but, in view of our holding on the first assignment of error, they are pretermitted.

The judgment of the Trial Court is reversed and the case is remanded for a new trial.

The costs of this appeal are taxed to the Appellees.

PARROTT, P. J. (E.S.), and GODDARD, J., concur.