**Rafael A. MALDONADO et al., Plaintiffs,**

v.

**INTERNATIONAL BUSINESS MA-CHINES CORPORATION, d/b/a IBM, Defendant.**

**Civ. No. 863–67.**

United States District Court, D. Puerto Rico.

March 24, 1972.

Francis González Oliver, of González, Jr., González Oliver, Blanco Lugo & Moran, San Juan, P. R., for plaintiffs.

Radames Torruellas, of McConnell, Valdeś, Kelley & Sifre, San Juan, P. R., for defendant.

TOLEDO, District Judge.

This cause came on to be heard on motion of defendant, International Business Machines Corporation, for a summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Defendant filed a memorandum in support of its motion for partial summary judgment, alleging that plaintiffs at all times material to the complaint were outside or traveling salesmen within the meaning of all applicable laws and, therefore, not entitled to any overtime.

To support its allegations, defendant contends that the depositions of all the plaintiffs in this action have been taken and they unequivocally show that the plaintiffs were outside salesmen, and, thus, there is no genuine controversy as to any material fact.

It appears that in plaintiffs' Motion in Opposition to Motion for Partial Summary Judgment, plaintiffs alleged that a series of fundamental facts were not entirely covered in the depositions taken of plaintiffs; namely:

a) whether plaintiffs had to report to IBM at certain times;

b) the nature of the territories that were assigned by defendant to each of the plaintiffs;

c) the specific periods of the day on which the plaintiffs performed their job;

d) whether or not plaintiffs were required to use time cards;

e) the nature and extent of supervision that defendant exercised over the plaintiffs' activities.

Defendant further contends that in connection with plaintiffs' Motion in Opposition for Summary Judgment, the plaintiffs filed an affidavit in support of their motion, whereby plaintiffs set forth general allegations based upon information and belief; and, therefore, plaintiffs' opposition should be dismissed. Defendant further alleges that the outside salesman exemptions and its definitions are preempted by the Federal Statutes (Section 18 F.L.S.A. 29 U.S.C. A. Section 218) and that the applicable law is the Federal Law.

On the other hand, plaintiffs contend that from the pleadings and depositions taken by defendant, there appears to be a genuine and legitimate controversy of facts; and, consequently, defendant's Motion for Summary Judgment should be dismissed.

On the basis of the briefs filed by the parties to this action in support of and in opposition thereto, the court has determined the following:

1. In plaintiff's Motion in Opposition to Motion for Partial Summary Judg-

ment, there is contained a Sworn Statement subscribed by plaintiff, Marcos A. Comas, which in essence, declares that plaintiff had read the preceding Motion in Opposition to Motion for Partial Summary Judgment, and that all the "facts and allegations set forth (in the motion), are accurate and true."

A reading of plaintiffs' above mentioned Motion clearly establishes that there are no facts affirmatively set forth in said Motion. Plaintiffs limit themselves to declaring that certain matters were not covered in defendant's Motion for Partial Summary Judgment and to the expression of conclusions of law which allegedly made defendant's Motion inappropriate.

Rule 56(e) of the Federal Rules of Civil Procedure states in part that: "When a motion for summary judgment is made 'and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■ It is well established that the affidavits contemplated in Rule 56(e) must be evidentiary in nature and should set forth *facts* that would be admissible in evidence. The affidavit is no place for ultimate facts and conclusions of law; Engelhard Industries v. Research Instrumental Corp. (C.A.9th, 1963), 324 F.2d 347.

■ We find that affiants' affidavit in the present case is not adequate since it does not affirmatively set forth facts which would adequately controvert defendant's Motion for Partial Summary Judgment. Were it not for other reasons, we would, be inclined to grant defendant's Motion for Partial Summary Judgment.

■■ 2. Summary judgment is not appropriate in view of the depositions which defendant accompanied with his motion. Plaintiffs contend that from the pleadings and depositions taken by defendant, there appears to be a genuine and legitimate controversy of facts. We agree.

The depositions taken of plaintiffs show that: (a) plaintiffs had to report to the office in the morning at 8:00 a. m.; (b) they were required to make follow-up calls to the office, keeping their supervisors informed of their activities; (c) they returned to the office in the afternoons at 5:00 p. m. to plan their activities for the next day, as well as to prepare reports; (d) their territories were fixed and exclusive, thus enabling a closer supervision.

3. The Court does not agree with defendant's contention to the effect that the definition of "outside salesman" and the criteria used to determine if an employee is such, are preempted by federal regulations interpreting the Fair Labor Standards Act. Plaintiffs are alleging in their complaint that defendant owes them compensation for hours worked in excess of eight (8) hours daily and forty (40) hours weekly, for unrecovered vacation pay and for sums withheld by defendant by virtue of an alleged illegal charge-back system. These rights are alleged to exist under the Laws of the Commonwealth of Puerto Rico, and to be more favorable to the plaintiffs than Federal Law. Where a State law is more beneficial to an employee than the Fair Labor Standards Act the State law must apply. (See 29 U.S.C.A., Section 218 and Laborde v. Eastern Sugar Associates, (1959) 81 P.R.R. 468). Plaintiffs allege that the claims contained in their complaint fall under rights established in several Mandatory Decrees of the Puerto Rico Minimum Wage Board (Numbers 8, 42 and 68) and Law 379 of May 15, 1946 (29 L.P.R.A., Sections 271–299).

■ Defendant alleges that federal law preempts the Commonwealth of Puerto Rico from maintaining a definition of the "outside salesman" exemption different than the definition contained in the federal law and regulations. This is tantamount to saying that the Commonwealth of Puerto Rico may not enact a law more favorable to the employee than the Fair Labor Standards Act. Section 218 specifically precludes this interpretation.

This is not to say that federal law cannot be relied on by analogy to establish a proper definition of what the "outside salesman" exemption means with regards to Puerto Rican Law. A. D. Miranda, Inc. v. Falcon, (1961) 83 P.R.R. 708, at 718.

The criteria, at present adopted in the Commonwealth of Puerto Rico in regards to "outside salesman" is:

(a) that traveling salesmen carry all their work without direct supervision;

(b) that they are the only ones that know their customers and the action which to the best of their judgment ought to be taken in maintaining and increasing said customers;

(c) that they render their services outside the office of the employer.

The true reason for the existence of the "outside salesman" exemption is that due to the inherent nature of the salesman's function, the employer has no way of knowing the exact number of hours worked per day. A. D. Miranda, Inc. v. Falcon, supra.

As stated above, the depositions taken of plaintiffs reveal that plaintiffs were the subject of close supervision and that it may have been possible for the defendant to determine the hours worked during a working day.

When facts alleged by plaintiffs intend to prove an exactly opposite situa-

tion as the criteria used to define outside salesman, the Court is properly before an issue which for a fair and proper adjudication requires an examination of the merits of the controversy herein.

A determination of whether plaintiffs are employees within the coverage of applicable law or whether they may be classified as free-lance salesmen or traveling salesmen, requires a most detailed investigation as to their terms and conditions of employment including their work day and work week, the manner in which they performed their jobs, the time dedicated to their employment, the applicable rules and regulations, manner in which salaries were paid, the existing contract and all other factors which may be relevant to such adjudication.

On the basis of the pleadings, depositions, the briefs submitted by the parties in support of and opposition thereto, of the criteria applicable in the determination of whether plaintiffs were "outside salesmen" or not, and the applicable local law, the court finds that there is a genuine and legitimate controversy of facts.

At the present moment, this Court is not in a position to determine if any part of the plaintiffs' claim for overtime or otherwise falls under an applicable federal statute, alleging a right to extra-compensation created solely by federal statute and not by an applicable law of the Commonwealth of Puerto Rico. Were this the case, we might be compelled to determine plaintiffs' condition as "outside salesman" under applicable federal regulations with respect to that part of the claim which falls under a federal statute. Since this Court at present is not certain of the exact nature of plaintiffs' claim, since no evidence to that effect is before us, we cannot decide this issue at present.

It is ordered, that defendant's Motion for Summary Judgment be and is hereby denied.