McSHANE CONTRACTING CO., INC.

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY.

Civ. A. No. 73–34.

United States District Court,
W. D. Pennsylvania.

Dec. 14, 1973.

Leo J. Kelly, Pittsburgh, Pa., for plaintiff.

Jack W. Plowman, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

SNYDER, District Judge.

The plaintiff in this action filed suit against the surety on a performance bond of a subcontractor. Defendant moves for summary judgment in accordance with Rule 56(b) and (c), of the Federal Rules of Civil Procedure.

On October 7, 1971 defendant became surety on a subcontract performance bond, with Chapin & Chapin, Inc. as principal, in the principal sum of $375,649.38 for the performance of a contract for the construction of concrete paving on highway project #L.R. 1074(2), Allegheny County, Pennsylvania. Pursuant to the subcontract, Chapin & Chapin, Inc., entered into its performance and completed part of the work, but on October 9, 1972 terminated its performance and notified plaintiff that it would not complete the work.

On October 26, 1972 plaintiff notified defendant surety, in writing, that Chapin & Chapin, Inc. was in default under its subcontract. Defendant did not remedy the default and the plaintiff now claims damages in the amount of $275,000.00 representing the cost of labor and materials to complete the subcontract over and above the subcontract price and the cost of delays occasioned by Chapin & Chapin's default.

Defendant filed its Answer and shortly thereafter its Motion for Summary Judgment. Defendant's contention is that the plaintiff failed to comply with conditions precedent for the defendant to be held liable on their performance bond.

The material provisions of the performance bond are:

" . . . THE CONDITION OF THIS OBLIGATION is such, that, if Chapin & Chapin shall promptly and faithfully perform said subcontract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

Whenever Chapin & Chapin shall be, and be declared by McShane to be in default under the subcontract, McShane having performed McShane's obligations thereunder:

(1) U.S.F. & G. may promptly remedy the default . . . or;

(2) McShane after reasonable notice to U.S.F. & G. may, or U.S.F. & G. upon demand of McShane may arrange for the performance of Chapin & Chapin's obligation under the subcontract . . ."

The defendant contends that:

(1) McShane did not declare Chapin & Chapin to be in default until after McShane had contracted with Bozzo for the completion of the work.

(2) McShane failed to give U.S.F. & G. any opportunity to remedy the default upon which McShane bases its claim under the performance bond.

(3) McShane failed to give any notice (let alone, reasonable notice) prior to making arrangement for the completion of Chapin & Chapin's work.

To support their contention, defendant has offered supporting affidavits of Jack Plowman, defendant's counsel of record and P. L. Finelli, Superintendent of Claims for the Pittsburgh Office of U.S.F. & G., together with statements from the depositions of Frank L. McShane II and Frank B. Bozzo. The plaintiff, by way of the affidavit of Frank L. McShane II, deny that any condition precedent had been violated and state that the plaintiff prior to the actual breach by Chapin & Chapin had repeatedly notified the defendant that Chapin threatened to breach its performance bond. After such breach actually occurred, the plaintiff once again notified the defendant and because of the urgency of the situation and the inaction on the part of the defendant, Frank B. Bozzo was contracted to complete the work sometime after November 6, 1972.

Rule 56(b) and (c), in the pertinent parts, provides as follows:

### Rule 56(b)

"For Defending Party. A party again whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

### Rule 56(c)

"Motion and Proceedings Thereon. . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

The law is well settled that on a Motion for Summary Judgment, if a genuine issue of material fact exists, the motion must be denied. 6 Moore's Fed. Prac. ¶56.09, and cases cited therein. The primary purpose of a Motion for Summary Judgment is to avoid a useless trial, and Summary Judgment is a procedural device for promptly disposing of actions in which there is no genuine issue of any material fact. Mintz v. Mathers Fund, Inc., 463 F.2d 495 (7th Cir. 1972). Summary Judgment should be granted a defendant with caution, and a plaintiff should be accorded any and all favorable inferences. McSpadden v. Mullins, 456 F.2d 428 (8th Cir. 1972). In the present situation before this Court, there are genuine issues of fact relating to the notices of default concerning when the plaintiff entered into the contract with Frank B. Bozzo, and the opportunity, if any, given to the surety to remedy the situation.

On a Motion for Summary Judgment, affidavits made on the basis of personal knowledge setting forth facts which would be admissible in evidence and showing affirmatively that affiant is competent to testify to the matters stated therein and setting forth facts showing that there is a genuine issue or issues, are competent to raise genuine is-

sues of fact. McSpadden v. Mullins, *supra*; Scott v. Dollahite, 54 F.R.D. 430 (N.D.Miss.1972). Admittedly, the affidavit is no place for ultimate facts and conclusions. Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141 (3d Cir. 1972); Maldonado v. International Business Machines Corp., 56 F.R. D. 452 (D.Puerto Rico 1972).

■ The affidavit of McShane has met the standard set forth by the Third Circuit in the *Olympic* case where the Circuit held (463 F.2d at page 1146):

> "Philip E. Crystal's affidavit and deposition alleged facts which were sufficient to establish that no contract ever existed for the inclusion of Olympic in the sale of Crystal. Faced with these allegations, to avoid summary judgment defendants were required under Rule 56(e), Fed.R.Civ.P., to
>
> > 'come forward with affidavits setting forth specific facts showing that there [was] a genuine issue for trial.'

Tripoli Co. v. Wella Corp., 425 F.2d 932, 935 (3d Cir.), cert. denied, 400 U.S. 831, 91 S.Ct. 62, 27 L.Ed.2d 62 (1970); *accord*, Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir.), cert. denied, 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969). Conclusory statements, general denials, and factual allegations not based on personal knowledge would be insufficient to avoid summary judgment. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288–290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); Gostin v. Nelson, 363 F.2d 371 (3d Cir. 1966); Robin Construction Co. v. United States, 345 F.2d 610 (3d Cir. 1965); H. B. Zachry Co. v. O'Brien, 378 F.2d 423 (10th Cir. 1967); *see* Bolt Associates, Inc. v. Alpine Geophysical Associates, Inc., 365 F.2d 742, 747 (3d Cir. 1966); *cf.* Adickes v. S. H. Kress & Co., 398 U.S. 144, 158–161, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). But if matter presented by the plaintiffs through affidavits or depositions showed that a genuine issue existed with respect to any material fact, summary judgment for the defendants was improper. Fed.R.Civ.P. 56(c); Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Season-All Industries, Inc. v. Turkiye Sise Ve Cam Fabrikalari, A.S., 425 F.2d 34 (3d Cir. 1970); Rains v. Cascade Industries, Inc., 402 F.2d 241 (3d Cir. 1968); Long v. Parker, 390 F.2d 816 (3d Cir. 1968).

Although the affidavits presented by plaintiffs here are far from ideal, we believe that they are sufficient to show the existence of a genuine issue as to whether the alleged agreement existed."

In the present situation, any inconsistencies in the depositions of Mr. Bozzo and Mr. McShane support (as in the *Olympic* case) the fact that a genuine issue of fact exists, which precludes the granting of a Motion for Summary Judgment on behalf of the defendant in this case.

An appropriate order will be entered.