KENNETH DOLLOFF, JR. *vs.* SCHOOL COMMITTEE OF
METHUEN.

Essex.   December 7, 1979. — April 3, 1980.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*School and School Committee,* Demotion of principal.  *Practice, Civil,*
    Summary judgment.

In an action by a plaintiff claiming that he had been demoted from his
    position as high school principal to a position as principal of a middle
    school in violation of G. L. c. 71, § 42A, the judge erred in ordering
    that summary judgment be entered for the plaintiff where the af-
    fidavits established that there was a genuine issue of material fact as to
    whether the plaintiff's transfer constituted a demotion. [503]

CIVIL ACTION commenced in the Superior Court on
December 20, 1976.

A motion for summary judgment was heard by *Adams,* J.

*Martin Ames* for the defendant.

*Americo A. Salini, Jr.,* for the plaintiff.

HALE, C.J.   This is an appeal from a judgment against
the defendant, the school committee of Methuen (school
committee), declaring that the plaintiff was demoted from
his position as principal of Methuen High School in violation
of G. L. c. 71, § 42A, and ordering his reinstatement.  The
judgment was entered on a motion of the plaintiff under
Mass.R.Civ.P. 56, 365 Mass. 824 (1974).

The issue presented is whether the judge was correct in
deciding pursuant to Mass.R.Civ.P. 56(c), 365 Mass. 824
(1974), that there was no genuine issue as to any material
fact, that the plaintiff was demoted as a matter of law with-
in the meaning of G. L. c. 71, § 42A, and that he was thus
entitled to the procedural safeguards provided in § 42A

before he could be transferred.[1]  The following background facts are undisputed.

The plaintiff was employed as the principal of the Tenney High School in Methuen from July 1, 1971, to September 22, 1975.  On September 22, 1975, the students and staff of the Tenney High School, including the plaintiff, were transferred to a new high school building which was designated as the Methuen High School.  The new high school included grades nine through twelve.  Tenney High School was redesignated as the East Middle School, one of two middle schools in Methuen.  There was only one high school in operation in Methuen both before and after the relocation.

On November 22, 1976, the school committee, meeting in executive session, voted to transfer the plaintiff from his position as principal of the Methuen High School to the position of principal of the East Middle School, effective November 29, 1976.  On December 3, 1976, the school committee voted the same transfer in open session.  The plaintiff's transfer was voted without notice to him of any charges against him and without the opportunity for a hearing before the decision was made.

The plaintiff's affidavits in support of his motion for summary judgment set forth a number of undisputed facts to support his claim that he was demoted.  In them he asserts that under the salary schedule of the Methuen Teachers' Association, Administrators' Group collective bargaining agreement, the principal of the Methuen High School is to receive a salary at a ratio of 1.62, while the principal of the East (Tenney) Middle School is to receive a salary at a ratio of 1.56.  Although the plaintiff's salary was maintained at a level of 1.62 after his transfer, the principal of Methuen's other middle school receives a salary at a 1.56 ratio, and the former principal of the East Middle School, who replaced the plaintiff as principal of the high school, received a raise

---

[1] General Laws c. 71, § 42A, permits the involuntary demotion of a principal or other supervisor who has served for more than three years only on specified grounds, and requires thirty days' notice of the charges and the opportunity for a hearing before a demotion vote.

to 1.62 when transferred. The plaintiff further asserts that his duties as principal of the East Middle School are less complex than were his duties as principal of the Methuen High School. He cites as examples the greater range of course selections and the more complex scheduling system employed at the high school, the high school's more extensive athletic and extracurricular program, for which he had been responsible, and his previous responsibility for supervising placement of graduating high school students in jobs, colleges and the military. The plaintiff also states that as principal of the East Middle School he must report to the director of elementary education, who is on the same administrative level as the principal of the high school, rather than directly to the superintendent and assistant superintendent, as was the case when he served as principal of the high school.

The affidavit of the superintendent of schools, submitted by the school committee in opposition to the motion for summary judgment, does not contest any of the specific facts stated by the plaintiff. In that affidavit, the superintendent states that regardless of the differences in detail between the responsibilities of the principals of different schools, each principal is totally responsible for the academic and administrative direction of his school. He contends generally that there is no difference of "great consequence" between the duties and responsibilities of different principals. He asserts that the plaintiff's responsibilities as principal of the East Middle School are similar to those he had as principal of the Tenney High School before it was relocated and expanded. The superintendent also states that in his opinion as an educator of many years experience and as the holder of a doctorate in education in school administration, the plaintiff's transfer did not constitute a "demotion."

The judge below filed a memorandum of decision in which he summarized only those facts bearing on the question of demotion which are set out in the plaintiff's affidavits. On those facts he ruled that the transfer of the plaintiff was a demotion. In doing so he relied on *Glennon* v.

*School Comm. of Boston,* 375 Mass. 757 (1978). In that case the Supreme Judicial Court held on the basis of prior judicial decisions that the transfer of a school principal to a teaching post was a demotion and ordered that summary judgment be entered under rule 56(c) for the plaintiff. While that case is authority for the proposition that a principal who is transferred to a teaching position is demoted as a matter of law, it is not authority for the proposition that the transfer of a principal of a high school to the principalship of a middle school is a demotion as a matter of law. Summary judgment can only be ordered when a party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553 (1976). Whether someone has been "demoted" can be a mixed question of fact and law. Here the judge had before him, but did not address, any of the assertions contained in the superintendent's counter affidavit. While that affidavit is hardly a model of clarity, it does appear to accept the facts asserted by the plaintiff and to assert other facts which tend to show that the two principalships are substantially equivalent, despite the differences in certain duties and responsibilities. After stating that he had had years of experience as an educator, that he had served in positions ranging from teacher to superintendent and that he held a degree of doctor of education in school administration, the superintendent stated that in his opinion the plaintiff had not been demoted. To be sure, that opinion, standing alone, can be said to state both an ultimate fact and a conclusion of law, and as such cannot be used to defeat summary judgment.[2] See *G. D. Searle & Co.* v. *Pfizer & Co.,* 231 F.2d 316, 318 (7th Cir. 1956); *Benton-Volvo-Metairie, Inc.* v. *Volvo Southwest, Inc.,* 479 F.2d 135, 139 (5th Cir. 1973); *Broadway* v. *Montgomery,* 530 F.2d 657, 660 (5th

---

[2] As to the use of opinions in affidavits filed in connection with motions for summary judgment see 6 Pt. 2 Moore's Federal Practice par. 56.22[1], at 56-1312-1316 (1979); 10 Wright & Miller, Federal Practice and Procedure § 2738, at 690-694 (1973).

Cir. 1976); *McShane Contracting Co.* v. *United States Fid. and Guar. Co.,* 61 F.R.D. 478, 481 (W.D. Pa. 1973). We disregard that aspect of the affidavit and the conclusory assertions of fact and law contained in it. *William J. Kelly Co.* v. *Reconstruction Fin. Corp.,* 172 F.2d 865, 867 (1st Cir. 1949). The affidavit, stripped of those inappropriate matters, indicates that there is room for difference of opinion in the academic community about whether a transfer such as that ordered here constitutes a demotion and demonstrates further that there is a genuine issue of material fact which must be resolved before it can be determined whether the plaintiff has been relegated to a lesser academic position within the meaning of G. L. c. 71, § 42A, and *Glennon* v. *School Comm. of Boston, supra* at 765.

*Judgment reversed.*