Toomey, J.
On March 19, 1999, the parties in this breach of contract case were before the court for hearing on defendant’s motion for summary judgment. Defendant Robert Q. Terrill, M.D. (“Dr. Terrill”) maintains that he is entitled to judgment as a matter of law because plaintiff Candace Spencer (“Spencer”) will be unable to prove an essential element of her claim. Spencer opposes the motion, arguing that there are genuine issues of material fact regarding credibility.
For the following reasons, defendant’s motion is ALLOWED.
BACKGROUND
On October 1, 1991, Spencer saw Dr. Terrill for an injury to her right thumb. Spencer, who was employed as a Lieutenant in the Massachusetts Department of Corrections (“DOC”) at the time, suffered the injury when her hand struck a door at work. On January 15, 1992, Dr. Terrill told Spencer that conservative treatment of the injury was not working and recommended reconstructive surgery. At that time, Spencer requested, and received from Dr. Terrill, a “to whom it may concern” letter indicating the prognosis for her recuperation and return to work.[1]
On February 19, 1992, two days before her surgery, Spencer signed, a standard consent to surgery form (“consent”), acknowledging that "no guarantees have been made to me as to the results that may be obtained” from the proposed surgery. The consent also recited that Dr. Terrill had explained to Spencer the nature and purpose of the proposed surgery and had discussed with her possible alternative methods of treatment, potential risks and the possibility of complications.
DISCUSSION
Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “A party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates . . . that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s claim.” Id., at 714. Dalloff v. School Committee of Methuen, 9 Mass.App.Ct. 502, 505 (1980).
Dr. Terrill argues that because there is no evidence that he specifically promised Spencer a certain medical result, Spencer will be unable to prove the existence of a promise, which is an essential element of her contract claim. Consequently, Dr. Terrill maintains, he is entitled to judgment as a matter of law. Spencer responds that the question of whether a specific promise was made is a question of credibility and cannot be decided as a matter of law. This court will conclude, however, that, there being no evidence of actionable promise, the question of whether or not proof of the promise was “credible” is not a genuine issue of material fact.
In a case involving a claim that a physician had contracted to achieve a particular medical result, the Massachusetts Supreme Judicial Court has held that “ ‘actions based on such alleged contracts are allowed, but that there must be clear proof . .. that the physician ‘expressly agree[dj ” to produce a certain medical result (emphasis in the original). Clevenger v. Haling, 379 Mass. 154, 157 (1979), quoting Sullivan v. O’Connor, 363 Mass. 579, 582-83 (1973). The standard of “clear proof’ is not easily attained. The Supreme Judicial Court has acknowledged, in actions based on the theory that a physician has contracted to achieve a certain medical result, the improbability of contract. Sullivan v. O’Connor, 363 Mass. 579, 582-83 (1973). “Doctors can seldom in good faith promise specific results. Therefore it is unlikely that physicians of even average integrity will in fact make such promises.” Id.
On the other hand, the Court warned that unduly impeding such contract suits might expose the public to “the enticements of charlatans.” Id. To strike the proper balance, therefore, the Court has mandated, through Clevenger et al, that, in actions based on alleged contracts, a court must find “clear proof’ of evidence of an express agreement before the patient may recover on a contract complaint. Our task now is to determine whether such “clear proof,” sufficient to demonstrate a genuine issue of material fact, has been adduced at bar.
In Clevenger, the doctor and patient had extensive conversations concerning the fact that the plaintiff would not be able to have children after she had a tubal ligation. Clevenger, 379 Mass, at 157. When the patient became pregnant a year after undergoing the procedure, and sued her doctor for breach of contract, the Court declined to find that the doctor had expressly promised her that the procedure would pre *696 vent her from having more children. Id. The Court determined that no specific promise existed because discussions between the parties had centered upon the fact that the operation was non-reversible, and “did not focus on the question of a promise, nor were the words used promissory in nature.” Id. at 159. At bar, as demonstrated infra, there is no evidence that the Spencer-Terrill communications moved beyond those viewed by Clevenger as inadequate to constitute a contract.
Spencer argues that the question at bar is the credibility of her evidence of the statements she and Dr. Terrill allegedly exchanged before the operation. Because credibility is a question for the jury, she continues, her claim may not properly be decided as a matter of law. Under Clevenger, however, Spencer has not presented sufficient evidence in support of her claim that a contract existed to warrant submission of the credibility issue to a fact-finder. Clevenger, supra, at 155, fn 2.
Although Spencer’s affidavit asserts that Dr. Terrill promised her a specific medical result, to wit “correct my thumb injury in four months,” that assertion is fatally eroded by the summary judgment record. The letter on which Spencer primarily relies as evidence of Dr. Terrill’s express promise is not addressed to her, and contains no promissory language. The letter begins “To whom it may concern ...” and there is no indication that the letter was intended to make a specific promise. The use of a generic salutation indicates that the letter was intended as an informational document and not as a promise to a particular recipient to achieve a certain medical result.[2] In fact, Spencer acknowledges that she requested the letter because her employer had staffing concerns related to her expected absence from work.
Spencer further argues, based also on her affidavit, that, at the time he wrote the letter, Dr. Terrill made an oral promise that her thumb would be completely healed in four months and that she would be able to return to work without restriction at that time. She represents that she considered that assurance a specific promise as to the outcome of her surgery and that she relied on that promise in agreeing to undergo the operation on her hand. The contention is, however, belied by the summary judgment record submitted to the court. That record includes Spencer’s deposition in which she concedes that she elected to undergo the surgery because she wanted to relieve the pain in her wrist. She ought not now be permitted, by a post deposition affidavit, to massage her recollection in order to blunt the thrusts of her opponent. See Morrell v. Precise Engineering, Inc., 36 Mass.App.Ct. 935, 937 (1994) (party opposing a motion for summary judgment cannot create a disputed issue of fact by submitting an affidavit contradicting statements he previously made under oath at a deposition).[3]
CONCLUSION
Because the letter written by Dr. Terrill was not addressed to a specific person, because the letter contained no promissory language, and because the evidence reveals no clear proof of an oral or written promise by Dr. Terrill to achieve a specific medical result, plaintiff will be unable to prove at trial an essential element of her contract claim. Dr. Terrill is, therefore, entitled to judgment as a matter of law.
ORDER
For the foregoing reasons, it is ORDERED that defendant’s motion for summary judgment is ALLOWED.

 The letter recites, inter alia, “She (Spencer) will be admitted to the hospital and stay there over one night. She will be cásted for 4-6 weeks and then have a brace for a similar period of time. She will return to full unlimited duties in approximately four months.”

 Because the letter did not use promissory language and was not addressed to a particular entity, the court also rejects plaintiffs argument, presented at the hearing, that the Commonwealth of Massachusetts was a third-party beneficiary of the alleged agreement between Spencer and Dr. Terrill. Furthermore, the court sees little persuasive force in an argument that reasons back from a purported third-party beneficiary contract to the two-party agreement which is the sine qua non of this lawsuit.

 Spencer’s allegation that a contract existed is further undermined by the fact that the consent form she signed two days before surgery recited that no guarantees had been made to her concerning the outcome of the surgeiy.