Brassard, J.
On December 2, 1999, this matter was before the court for hearing on the motion of defendant Walgreen Eastern Company, Inc. (“Walgreen’s”) for partial summary judgment on plaintiffs’ claim for breach of express warranty. Walgreen’s argues that plaintiffs will be unable to show that either Walgreen’s or its pharmacist made any express warranties in dispensing prescriptions to Mary Linnen (“Ms. Linnen”), the deceased daughter of plaintiffs John and Mary Linnen (“the Linnens”). Plaintiffs oppose the motion, arguing that a statement in Walgreen’s patient information leaflet created an express warranty.
BACKGROUND
On May 13, 1996, a Walgreen’s store in Weymouth, Massachusetts filled prescriptions for fenfluramine and phentermine (“fen-phen”) for Ms. Linnen. When Ms. Linnen picked up the medications she received a patient information sheet which set forth the possible side effects of the medication being purchased and stated that “most patients experience little or no problems while taking their medication.” Plaintiffs argue that this statement constituted an express warranty as to the safety and effectiveness of the drugs purchased by Ms. Linnen.
Over the Memorial Day weekend, Ms. Linnen experienced shortness of breath while playing golf. On June 5, she reported her symptoms to her doctor, and was instructed to stop taking the medications. Ms. Linnen died from pulmonary hypertension nine months later, in February 1997.
DISCUSSION
Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “A party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates . . . that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s claim.” Id. at 714. See Dalloff v. School Committee of Methuen, 9 Mass.App.Ct. 502, 505 (1980). A claim for breach of express warranty requires proof that the defendant promised a specific result that was not achieved. See Anthony's Pier Four v. Crandall Dry Dock Engineers, 396 Mass. 818, 823 (1986).
*205 The parties agree that neither Walgreen’s nor its pharmacist had any conversations with Ms. Linnen that would have created an express warranty. Plaintiffs’ claim rests, therefore, on a statement in Walgreen's standard patient information form that “most patients experience little or no problems while taking their medication.’’ Plaintiffs argue that this language creates an affirmation of fact, promising Ms. Linnen that she would experience no side effects from taking the prescribed medications. The information sheet also stated, however, that “every medication is capable of producing side effects,” and informed the patient about the “possible side effects” of the particular medication being purchased.
Where a party asserted that he was informed by the opposing parly that a design would be “adequate and sufficient for the purposes for which it was intended,” the Supreme Judicial Court declined to find a sufficient basis to establish an express warranty. See Anthony’s Pier Four v. Crandall Dry Dock Engineers, 396 Mass. 818, 827 (1986). The Court held that, without specific language or indication of the surrounding circumstances, the assurances as to adequacy were “no more than opinions that lack a promissory nature.”
In this case, plaintiffs have similarly failed to show that Walgreen’s information sheet constituted an express promise that Ms. Linnen would not experience any side effects. The information sheet merely made a general statement that most people experience few problems in taking their medication.
ORDER
For the foregoing reasons, it is hereby ORDERED that Walgreen’s motion for partial summary judgment on the claim of breach of express warranty is ALLOWED.