**Christiana McSPADDEN, Appellant,**

v.

**David MULLINS et al., Appellees.**

**No. 71–1496.**

United States Court of Appeals,
Eighth Circuit.

March 20, 1972.

---

Douglas L. Wilson, Rogers, Ark., for appellant.

Leon B. Catlett, Little Rock, Ark., Ray Trammell, Fayetteville, Ark., and Catlett & Henderson, Little Rock, Ark., for appellees.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

This is an appeal from a summary judgment for defendants, school officials at the University of Arkansas. Mrs. McSpadden, the wife of a faculty member of the Music Department at the University, sought relief, including damages, under 42 U.S.C. § 1983, from the University's nepotism regulation, which prohibited employment of "any person in any capacity if such person is related by marriage or blood to any other employee in the same department or if either one of the related employees in the same or different departments will have direction or supervision over the other." [1]

In her original complaint, Mrs. McSpadden alleged she was barred from full-time employment because of the nepotism regulation. She had been hired as a temporary replacement in 1967, upon which she claimed was a waiver of the regulation, and rehired the following year under the same circumstances. In 1969, although rehired, the waiver was withdrawn and she was hired as a graduate assistant, a position to which the regulation does not apply. She was again rehired as a graduate assistant in 1970–1971, even though she had applied for a full-time position. In 1971, when the Music Department had an opening for a full-time instructor, she claims she was not considered for the position because of the nepotism regulation.

Appellees, the President of the University, the Academic Vice-President, the Dean of the College of Arts and Sciences, and the Chairman of the Music Department, moved for summary judgment, alleging that the nepotism regulation was in no way responsible for the refusal of Mrs. McSpadden's application. Attached to the motion for summary judgment was an affidavit of the Chairman of the Board of Trustees stating that to the best of his knowledge the Board had never discussed Mrs. McSpadden's employment nor waived the regulation as to her. The affidavit also stated that the Board, being the sole employing authority, is the only body authorized to waive the regulation. Also included with the motion was an affidavit of the President of the University stating that he was informed Mrs. McSpadden was not qualified for the appointment. Attached to this affidavit was a memorandum from John R. Cowell, the Chairman of the Department of Music, to the Dean of the College of Arts and Sciences stating in effect that Mrs. McSpadden was unqualified for the following reasons. First, at least a master's degree was required, and she had only the equivalent of two years of junior college and a performance diploma

---

1. This regulation was subsequently revised to prohibit employment of relatives only where supervision of one over the other would exist. Thus, that portion of the regulation Mrs. McSpadden claimed was constitutionally offensive has been deleted. Accordingly, her request for an injunction against future enforcement of the regulation is now moot, and only the claim for damages remains.

from a conservatory of music. Second, they sought a woman with a low voice, and Mrs. McSpadden is a high soprano. And third, they were looking for an experienced university teacher, whereas Mrs. McSpadden had only experience as a temporary substitute.

Mrs. McSpadden then filed a motion to strike the affidavit on the ground that portions thereof were not made on personal knowledge and would not be admissible in evidence. Attached to this motion was her affidavit stating facts which she considered evidence of the invocation of the nepotism regulation against her. Among these was the fact that the "Notice of Vacancy" for the position sought set no limitation on voice range, and stated only that applicants with a master's degree would be preferred, not required.

Thereupon, the trial court denied Mrs. McSpadden's motion to strike and granted appellees' motion for summary judgment, finding that Mrs. McSpadden failed to plead facts that showed the regulation was applied in any fashion. The validity of the regulation was thus not reached. In so holding, the trial court considered everything before it, including the above-mentioned memorandum from John R. Cowell attached to the affidavit of the President of the University. After the entry of the order granting summary judgment, Mrs. McSpadden filed another affidavit purporting to present new evidence, and filed a motion for a new trial, which was overruled.

■■ Affidavits in support of summary judgment must be made on personal knowledge and contain admissible evidence. Fed.R.Civ.P. 56(e); United States v. Dibble, 429 F.2d 598, 602 (9th Cir. 1970); Doza v. American National Insurance Co., 314 F.2d 230, 232 (8th Cir. 1963); Sprague v. Vogt, 150 F.2d

795, 800 (8th Cir. 1945); Walling v. Fairmont Creamery Co., 139 F.2d 318, 322 (8th Cir. 1943); 6 J. Moore, Federal Practice ¶56.22[1], at 2803 (2d ed. 1971). Where an affidavit does not meet this standard, it is subject to a motion to strike. In the affidavit in question, the President of the University made the assertion that appellant was not qualified for the appointment. This clearly was not made from personal knowledge but was based on the incorporated memorandum which was hearsay and would have been inadmissible in evidence.[2] *Cf.* Sanitary Milk Producers v. Bergjans Farm Dairy, Inc., 368 F.2d 679, 686 (8th Cir. 1966). Furthermore, the statements in that memorandum were controverted by Mrs. McSpadden's subsequent affidavit apparently filed pursuant to Rule 56(e), Federal Rules of Civil Procedure. Therefore, it was error to have denied the motion to strike and to grant the motion for summary judgment. Without the facts stated in the affidavit and attached memorandum, there was no showing by the appellees that no genuine issue of material facts existed, expecially since some of those factual allegations had been controverted by the subsequent affidavit of Mrs. McSpadden.

■ A summary judgment should be granted with caution, and a plaintiff should be accorded any and all favorable inferences. Cohen v. Curtis Publishing Co., 31 F.R.D. 569, 570 (D.Minn.1962), aff'd, 312 F.2d 747 (8th Cir.), cert. denied, 375 U.S. 850, 84 S.Ct. 106, 11 L. Ed.2d 77 (1963). We find that on the basis of the record at the time of the motion for summary judgment, it was error to have granted the motion, and we remand for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

2. The record does not show why an affidavit was not furnished directly by John R. Cowell, one of the defendants in this case.