An appropriate judgment will accompany this order and memorandum.

## JUDGMENT

In accordance with the Memorandum and Order of this date and incorporated herein,

**IT IS HEREBY ORDERED, ADJUDGED and DECLARED** that judgment is entered in favor of plaintiff Hartford Underwriters Insurance Company, and against defendant Estate of Bettie Lee Turks, and that the policy issued by plaintiff to defendant excludes coverage for lead poisoning injuries arising out of the ingestion or inhalation of lead derived from lead-based paint chips, flakes, or dust.

**John WAYS, Plaintiff,**

v.

**CITY OF LINCOLN, et al., Defendants.**

**No. 4:00CV3216.**

United States District Court, D. Nebraska.

June 3, 2002.

Robert W. Chapin, Jr., Chapin Law Office, Lincoln, NE, for John Ways.

Dana W. Roper, Connor L. Reuter, Margaret M. Blatchford, City Attorney's Office, Lincoln, NE, for City of Lincoln, Don Wesely, City Council of City of Lincoln, Jeffery Fortenberry, Jon A. Camp, Cindy Johnson, Jonathan Cook, Annette McRoy, Colleen Seng, Jerry Shoecraft, Tom Casady, Unknown Slocum, Doug SRB, Police Dept.

Connor L. Reuter, City Attorney's Office, Lincoln, NE, for Allen Soukup, Elton Hill, Tammy Lang, John Clarke, Mathew Brodd, Matthew Franken, Joseph Kaufman, Jeri Roeder, Marlan Huhnstein, Larry Bratt, Samuel Sanacroce, Shawn Kennett, Justin Darling, Dana Roper.

MEMORANDUM AND ORDER ON DEFENDANT'S "MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OFFERED BY JOHN WAYS AND THE AFFIDAVITS AND DEPOSITIONS OF CONSTANCE CHAPPLE AND SHIRLEY CARR MASON"

URBOM, Senior District Judge.

Before me is Defendant City of Lincoln, Nebraska's "Motion to Strike Portions of the Affidavit Offered by John Ways and the Affidavits and Depositions of Constance Chapple and Shirley Carr Mason." (Filing 145.) The defendant's motion will be granted in part.

## I. STANDARD OF REVIEW

"To oppose summary judgment successfully, [a] Plaintiff[ ] 'must show that admissible evidence will be available at trial to establish a genuine issue of material fact.' " *Mattis v. Carlon Electrical Products,* 114 F.Supp.2d 888, 892 (D.S.D.2000) (quoting *Churchill Business Credit Inc. v. Pacific Mutual Door Co.,* 49 F.3d 1334, 1337 (8th Cir.1995)). *See also Firemen's Fund Insurance Co. v. Thien,* 8 F.3d 1307,1310 (8th Cir.1993) ("The district court must base its determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial.") Affidavits submitted in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED.R.CIV.P. 56(e). Affidavits that are not made on personal knowledge or do not contain admissible evidence are subject to motions to strike. *See McSpadden v. Mullins,* 456 F.2d 428, 430 (8th Cir.1972).

## II. ANALYSIS

The plaintiff has submitted a number of exhibits in opposition to the defendant's motion for summary judgment, filing 109. (*See, e.g.,* Index of Evidence Offered in Opp'n to Mot. for Summ. J., filing 138.) The affidavit of John Ways, the affidavit and deposition of Constance Chapple, and the affidavit and deposition of Shirley Carr

Mason are among these exhibits. (*See id.* Ex. 1–5.) The defendant argues that portions of each of these five exhibits must be stricken for various reasons. (*See* Mot. to Strike Portions of the Aff. Offered by John Ways and the Affs. and Deps. of Constance Chapple and Shirley Carr Mason, filing 145; Br. in Supp. of Def.'s Mot. to Strike Portions of the Aff. Offered by John Ways and the Affs. and Deps. of Constance Chapple and Shirley Carr Mason. [Hereinafter Def.'s Br.]) Each of the defendant's arguments will be analyzed below.

### A. The Affidavit of John Ways

The defendant claims that several paragraphs should be stricken from the affidavit of John Ways, filing 138, Ex. 1. I shall review each of the defendant's specific arguments in turn.

#### 1.

First, the defendant argues that paragraphs 5–9 of the Ways affidavit must be stricken. (*See* Def.'s Br. at 2–3.) These paragraphs contain hypothetical descriptions of various persons who, according to the plaintiff, could be charged with violating Ordinance "9.16.240." (*See* Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 5.) For example, paragraph 8 states:

> 8. Affiant also states that wrestlers at either a dual meet, district competition or State Tournament that touch the breast, buttock or genital area of an opponent would be in violation of the ordinance. Affiant further states that the same would apply to any martial art school where the student is required, as part of the move to touch the breast, buttock, or genital area of another student.

(Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 8.)

The defendant contends that paragraphs 5–9 of the affidavit are "conclusory, [have] not been shown to be within the affiant's personal knowledge, and affiant has not shown his competence to testify to such matters." (Def.'s Br. at 2–3.) The defendant also claims that these paragraphs "recite legal conclusions and should be stricken." (Def.'s Br. at 3.) In response, the plaintiff argues:

> Paragraphs 5, 6, 7, 8, and 9 indicate Mr. Way's [sic] reading of the ordinance, how he thinks the ordinance may be applied and what act [sic] if any are allowed or prohibited. Since the ordinance is silent as to the acts Mr. Ways discusses one can not and should not exclude those acts. To do so would be arbitrary and capricious.

(Br. in Opp'n to Def.'s Mot. to Strike Strike [sic] Affs. Offered by Pl. [hereinafter Pl.'s Br.] at 3–4.) Apparently, the plaintiff believes that the paragraphs contain lay opinion testimony that is admissible under Federal Rule of Evidence 701. (*See* Pl.'s Br. at 3.)

█ It seems to me that paragraphs 5–9 of the affidavit consist solely of John Ways' speculation as to the sort of conduct that would be prohibited by the city ordinance. (*See* Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶¶ 5–9.) These paragraphs do not appear to be made on personal knowledge, and therefore they will be stricken. *See McSpadden v. Mullins,* 456 F.2d 428, 430 (8th Cir.1972). In addition, I note that these paragraphs contain the sort of argument that belongs in a memorandum of law rather than an affidavit. *Cf. In re Hartford Sales Practices Litigation,* 192 F.R.D. 592, 597 (D.Minn.1999) (striking the "narrative portion" of an affidavit supporting a motion for class certification that was "replete with improper argument"). Affidavits are meant to "set forth such *facts* as

would be admissible in evidence." FED. R.CIV.P. 56(e) (emphasis added). Thus, if the plaintiff wishes to set forth an argument that the ordinance is unconstitutionally overbroad, he should place it in his memorandum in opposition to the defendants' summary judgment motion, not his affidavit.

### 2.

Paragraph 10 of the affidavit states as follows:

> 10. Affiant states that he attended that hearing and specifically asked Colleen Seng and the other council members to tell him directly that this Ordinance was not being passed to put his Club out of business and to state a reason for their actions. All the Councilpersons remained silent to that question which indicates to the mission on their part that one of the purposes of their Legislation was to put Mataya's Babydoll's, [sic] which affiant has an interest in, out of business.

(Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 10.)

■ The defendant argues that the "response of silence is hearsay and, additionally, the import of any silence cannot be personally known to the affiant...." (Def.'s Br. at 3.) The defendant also points out that a portion of a very similar paragraph was stricken from a previous affidavit submitted by the plaintiff. (*See* Def.'s Br. at 3; Mem. and Order on Defs.' Mot. to Strike, filing 101, at 3.) In response, the plaintiff argues that his opinion regarding the import of the council members' silence is "allowable under Federal Rules of Evidence 801 and 701." (Pl.'s Br. at 4.) I

must admit that I fail to see how a statement can be both the affiant's own opinion *and* an admission of a party opponent under Rule 801(d)(2).[1] At any rate, it seems to me that the plaintiff's testimony concerning the "mission" of the councilpersons is purely speculative and is not made upon personal knowledge. *See* FED. R.CIV.P. 56(e). Therefore, that portion of paragraph 10 beginning with the words "which indicates" and continuing through the end of the paragraph shall not be considered. *See McSpadden v. Mullins,* 456 F.2d 428, 430 (8th Cir.1972).

### 3.

■ The defendant claims that paragraph 11 should be stricken for the same reasons that render paragraph 10 objectionable. Paragraph 11 states:

> 11. Affiant further states that at that time that he made that request Tom Casady was there and Mr. Casady remained silent.

(Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 11.) This paragraph does not contain the sort of impermissible speculation that was found in paragraph 10, and I find that it is appropriate to infer that paragraph 11 is made upon personal knowledge. Therefore it shall not be stricken. However, I reject any implication that Casady's silence constituted an admission that it was the council's purpose to put Mataya's "out of business," (Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 10). The plaintiff has not provided any foundation suggesting that under the circumstances, it was unnatural for Casady to remain silent. *See, e.g., Weston–Smith v.*

---

**1.** Although the plaintiff referred me to no specific subpart of Federal Rule of Evidence 801, I assume that he intended to suggest that his statement regarding the meaning of the councilperson's silence is not hearsay because it is an admission by a party-opponent. (*See* Pl.'s Br. at 4.)

*Cooley Dickinson Hospital Inc.*, 282 F.3d 60 (1st Cir.2002) (" '[T]he burden is on the proponent to convince the judge that in the circumstances of the case a failure to respond is so unnatural that it supports the inference that the party acquiesced in the statement.' " (quoting *Vazquez v. Lopez–Rosario*, 134 F.3d 28, 35 (1st Cir.1998))).

### 4.

■ Paragraph 12 of the plaintiff's affidavit states:

> 12. Affiant further states that the City Councilpersons, specifically the Chief of Police, Tom Casady, are aware of other establishments in town where touching is allowed.

(Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 12.) The defendant moves to strike this paragraph, arguing *inter alia* that this paragraph is not made upon personal knowledge. (*See* Def.'s Br. at 4.) I agree with the defendant and the paragraph will be stricken, for the affiant has not shown that he has personal knowledge of others' "awareness" of different establishments. *See* FED.R.CIV.P. 56(e); *McSpadden v. Mullins*, 456 F.2d 428, 430 (8th Cir.1972).

### 5.

■ The defendant also moves to strike the first sentence of paragraph 13, which states:

> 13. Affiant states that he is the only club owner to have received tickets for violation of Ordinance 9.16.240.

(Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 13.) The defendant points out that similar language has been stricken from an affidavit submitted previously by the plaintiff (*see* Mem. and Order on Defs.' Mot. to Strike, filing

---

101, at 4), and argues that paragraph 13 is likewise "speculative and is not made upon the affiant's personal knowledge." (Def.'s Br. at 5.) I agree that there is no indication that this sentence is made upon personal knowledge, and the sentence will therefore be stricken. *See* FED.R.CIV.P. 56(e); *McSpadden v. Mullins*, 456 F.2d 428, 430 (8th Cir.1972).

### 6.

Paragraph 14 of the affidavit states as follows:

> 14. Affiant states that the dances that are performed at Mataya's Gentlemen's Theater Club are for the purpose of expressing the strength, beauty, agility, and sexuality of the human body.

(Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 14.) The defendant argues, "Although Mr. Ways might be able to assert his own motivation for managing or operating Mataya's, he cannot testify to the motivations of the individual performers." (Def.'s Br. at 5.) For that reason, the defendant claims that this paragraph fails to comply with Rule 56(e). (*See id.*)

■ The defendant seems to acknowledge that Ways is the manager of Mataya's,[2] and I find that it is reasonable to infer that Ways has personal knowledge to support the statement made in paragraph 14. The paragraph will not be stricken.

### 7.

■ In paragraph 15, the affiant claims that "Ordinance 9.16.240 ... violates his equal protection rights ... violates his free speech rights ... and violates his due process [rights]...." (Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing

---

**2.** In addition, the affidavit identifies Ways as the "club owner." (*See* Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 13.)

138, Ex. 1, ¶ 15.) The paragraph contains nothing more than the sort of legal argument that belongs in a memorandum rather than an affidavit. *Cf. In re Hartford Sales Practices Litigation,* 192 F.R.D. 592, 597 (D.Minn.1999) (striking the "narrative portion" of an affidavit supporting a motion for class certification that was "replete with improper argument"); *United States v. Birchem,* 883 F.Supp. 1334, 1342 (D.S.D. 1995) (striking portion of an affidavit offered by attorney of record that contained a legal conclusion). Since paragraph 15 fails to "set forth such *facts* as would be admissible in evidence," FED.R.CIV.P. 56(e) (emphasis added), it shall be stricken.

8.

Paragraph 16 of the affidavit states that "the Ordinance also violates his equal protection rights as he is being treated differently than other "Juice bar" owners...." (Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 16.) Like paragraph 15 before it, paragraph 16 merely presents legal argument and it fails to set forth facts that would be admissible in evidence. (*See supra* Part II.A.7.) In addition, the affidavit contains no facts showing that the affiant has personal knowledge of the "treatment" received by other bar owners at the hands of the defendant.[3] Paragraph 16 will be stricken.

9.

█ The defendant moves to strike the following statement from paragraph 18 of the affidavit, arguing that it is speculative and not based upon the affiant's personal knowledge:

Affiant further states that if a patron were to ask the performers to stimulate them sexually orally it is quite possible

that they would be cursed out and it is an extreme probability that they would be removed from the premises as it is already posted that ill mannered behavior is not tolerated and it is our way of thinking that that sort of question is ill mannered.

(Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 18.) Although the statement does speak of probabilities and possibilities rather than absolutes, this does not mean that the statement is inherently speculative. On the contrary, it seems to me that this statement is based upon the affiant's personal knowledge as owner and operator of Mataya's. The statement shall not be stricken.

10.

Paragraph 19 of the affidavit states:

19. An [sic] affiant further state [sic] that he was given an offer to purchase his business from Steve Dvorak in the amount of $1.2 million and that Steve Dvorak withdrew that offer because of the Cities [sic] conduct. It was Mr. Dvork's [sic] position as a businessman to not purchase the business because it was Mr. Dvork's [sic] belief that the City had damaged the financial abilities of the Club.

(Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 19.) The defendant argues that this paragraph must be stricken because it is based upon hearsay and speculation. (*See* Def.'s Br. at 6.) In response, the plaintiff argues that "Mr. Ways has personal knowledge as to any offers that were made to purchase the

---

**3.** At paragraph 17, the affidavit states only that the affiant "has been to many other 'juice bars/nonjuice bars.'" (Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 17.)

business and whether and why they were withdrawn." (Pl.'s Br. at 5.)

 First, it seems to me that the plaintiff would have personal knowledge of the offer to purchase the business for $1.2 million, the fact that the offer came from Steve Dvorak, and the fact that the offer was withdrawn. Furthermore, if the "offer" is offered *merely to show that it was made to the plaintiff and withdrawn,* the statements underlying the offer will not be considered hearsay. *See* Fed.R.Evid. 801(c) (" 'Hearsay' is a statement ... offered in evidence *to prove the truth of the matter asserted."*) (emphasis added). Therefore, the first portion of the first sentence of paragraph 19 (from the words "An affiant" through "withdrew that offer") shall not be stricken. However, the affiant has not provided any foundation demonstrating that he has personal knowledge that Dvorak withdrew the offer *due to the defendant's conduct.*[4] The words "because of the Cities conduct" shall therefore be stricken from the first sentence of the paragraph. *See* Fed.R.Civ.P. 56(e); *McSpadden v. Mullins,* 456 F.2d 428, 430 (8th Cir.1972).

The second sentence of this paragraph suffers from the same defect as its predecessor. Since the affidavit fails to lay a foundation to demonstrate that the second sentence is made upon the affiant's personal knowledge, that sentence will be stricken in its entirety. *See* Fed.R.Civ.P. 56(e); *McSpadden v. Mullins,* 456 F.2d 428, 430 (8th Cir.1972).

## 11.

Paragraph 21 presents a rather lengthy description of the events surrounding a police search of Mataya's. The defendant argues that this entire paragraph, with the exception of two statements, should be stricken.

I have studied the affidavit, and I find that I can infer that the affiant was present at the club at the time of the search described in paragraph 21 and that he witnessed or experienced certain specific events. (*See, e.g.,* Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 21 ("Also male employees along with myself were physically searched by multiple officers [and] I witnessed two patrons having their buttocks, genital areas and chest area searched by multiple male officers.").) However, the affiant has failed to lay a proper foundation to demonstrate that many of the statements contained in paragraph 21 are within his personal knowledge. For example, the affiant states:

> The staff, at the direction and order of armed police officers, complied with the demand and showed them the locations [of videotapes]. Officers then took all of the videotapes in the building, a search warrant had not been produced at this time because it was asked for by three separate employees. All of which were told that it would be coming.

(Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 21.) It may be that the affiant witnessed the officers' demands for the videotapes, his staff's compliance with those demands, and the officers' removal of all of the tapes from the building. He may also have witnessed three employees ask for a search warrant and heard the officers respond that a warrant would be coming. It is also possible that he witnessed none of this, and that he was merely informed of these events at some later time by his employees. Of course, this would mean that this

---

**4.** Here this foundation is critical, for without it, it is impossible to determine whether or not this statement—which is clearly offered to prove the truth of the matter asserted therein—is based upon inadmissible hearsay.

portion of the affidavit could be based on inadmissible hearsay. Finally, it may be true that the affiant has no personal knowledge of these events whatsoever. Since foundation is lacking for these statements, one can only guess at the method by which the affiant obtained his information.

In his response to the defendant's motion to strike, the plaintiff has not attempted to supply the missing foundation. Instead, he argues as follows:

> Regarding paragraph 21, Mr. Ways knows he did not receive a copy of the Search Warrant when it was served. He also knows that his employees did not receive a copy of the search warrant when it was served. This implies that the search warrant was either served on a policeman or a customer. Logic even in this case would indicate that the Lincoln City Police did not serve the warrant on themselves and thus served a customer. Again under rule [sic] 701 Mr. Ways [sic] opinion would be admissible and said statement should stand.

(Def.'s Br. at 5.) For the moment I shall set aside the fact that the plaintiff's response addresses only one "statement" from a paragraph that spans nearly two full pages of his affidavit. (*See* Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 21.) It seems to me that the plaintiff's own argument suggests that paragraph 21 may be based upon the very sort of impermissible "surmising," "supposing," and "speculating" that the personal knowledge requirement of Rule 56(e) is designed to thwart. *See, e.g., Camfield Tires Inc. v. Michelin Tire Corp.,* 719 F.2d 1361, 1367 (8th Cir.1983) ("Under Rule 56(e), an affidavit filed in support of or opposition to a summary judgment motion must be based upon the personal knowledge of the affiant; information and belief is insufficient.").

█ I find that the bulk of paragraph 21 of the affidavit must be stricken because I cannot infer that it is based upon the affiant's personal knowledge. *See* FED. R.CIV.P. 56(e); *McSpadden v. Mullins,* 456 F.2d 428, 430 (8th Cir.1972). Other portions of the paragraph must be stricken because they contain inappropriate legal argument. *Cf. In re Hartford Sales Practices Litigation,* 192 F.R.D. 592, 597 (D.Minn.1999) (striking the "narrative portion" of an affidavit supporting a motion for class certification that was "replete with improper argument"); *United States v. Birchem,* 883 F.Supp. 1334, 1342 (D.S.D. 1995) (striking portion of an affidavit offered by attorney of record that contained a legal conclusion). The following statements included within paragraph 21 will *not* be stricken:

1. "The search warrant when it eventually arrived was never served upon myself ... [I never] received a copy."

2. "Upon eventually seeing what the search warrant was for we noticed that the police also removed property that was not specifically enumerated in the search warrant nor was to [sic] remotely eluted [sic] to. Those items being listed on the receipt were a flare gun and a dismantled pistol belonging to Mr. Jones. Other miscellaneous items are unaccounted for."

3. "Also male employees along with myself were physically searched by multiple officers [and] I witnessed two patrons having their buttocks, genital areas and chest area searched by multiple male officers. I myself was fondled my [sic] five officers, my genital region and my buttocks were not patted[,] they were kneaded and groped in direct

violation to the Ordinance they said they were arresting me one [sic]."

4. "I also noted that when I made mention of the fact when a police officer was touching my penis and testicles that no one wanted to write him a citation."

5. "I was again searched at the jail by not just male officers, but by and [sic] extremely obese female officer with dark hair who proceeded to rub her right breast and her right extremely large buttock."

6. "He [Captain Soukup] also at the top of his voice said 'this business is closed'. . . ."

7. "I found it more than a little insulting that a police officer and a Caption [sic] no less should attempt to run off my clientele. . . ."

(Aff. of John Ways in Opp'n to Defs.' Mot. for Summ. J., filing 138, Ex. 1, ¶ 21.)

I have now completed my analysis of the defendant's motion to strike the affidavit of John Ways, and I have identified the portions of the affidavit that shall not be considered in opposition to the defendant's motion for summary judgment. Next, I shall study the defendant's arguments that the affidavits and depositions of Constance Chapple and Shirley Carr Mason must be stricken.

## B. The Affidavit and Deposition of Constance Chapple

In opposing the defendants' motion for summary judgment, the plaintiff has submitted the Affidavit of Constance Chapple (filing 138, Ex. 2) and a copy of the Deposition of Constance Chapple (filing 138, Ex. 3). In its brief supporting its motion to strike, the defendant argues:

> For the reasons set forth in City's Motion in Limine relating to Constance Chapple, the testimony offered in her Affidavit and that offered in her deposition in response to Defendants' Motion for Summary Judgment which relates to any subject matter or opinion not disclosed in the statement of the expert, is inadmissible and should thus be stricken.

(Def.'s Br. at 7–8.) Therefore, in order to resolve the defendant's motion to strike, I must refer to the defendant's "Motion in Limine (Constance Chapple)," filing 115, the briefs and materials associated with this motion (see, e.g., Index of Evidence, filing 116), and the plaintiffs response to the motion.

The defendant has failed to direct me adequately to the particular portion of its motion in limine that it wishes to incorporate into its motion to strike. In its brief in support of its motion in limine regarding Constance Chapple, the defendant sets forth four arguments that are designated by separate, bold-lettered headings. (See Br. of Def. City of Lincoln in Supp. of Mot. in Limine (Constance Chapple).) The first of these headings reads, "Testimony by Ms. Chapple Should Be Precluded Because Plaintiff Failed to Comply with the Federal Rules Relating to Disclosure of Expert Witnesses and Opinions and Failed to Comply with the Case Progression Order in this Case." (Id. at 1.) Under this heading, the defendant argues that the plaintiff did not file his Rule 26(a)(2)(B) "written report" within the agreed time period, and that when this report was filed, it suffered from a number of deficiencies. (See Br. of Def. City of Lincoln in Supp. of Mot. in Limine (Constance Chapple) at 1–3.) Nowhere in this section of its brief does the defendant argue that Chapple offered testimony relating "to any subject matter or opinion not disclosed in the statement of the expert," (Def.'s Br. at 7–8), which is the argument that the defendant apparently wishes to incorporate into its motion to strike.

The second heading in the defendant's brief states, "The Only Matter Proffered in the Statement of the Expert Relates to Whether There Is a Causal Connection Between the Viewing of Pornography and the Commission of Sexual Violence and Is Irrelevant to Any Matter Before the Court in this Case." (Br. of Def. City of Lincoln in Supp. of Mot. in Limine (Constance Chapple) at 4.) I have studied the text appearing under this heading, and I do not find an argument that Chapple offered testimony that was not disclosed in her Rule 26(a)(2)(B) statement. (*Compare* Def.'s Br. at 7–8 *with* Br. of Def. City of Lincoln in Supp. of Mot. in Limine (Constance Chapple) at 4–5.) I have also reviewed the section of the defendant's brief entitled, "Constance Chapple Lacks the Expertise or Information from Which to Form an Opinion as an Expert as to Whether There Is a Causal Connection Between the Viewing of Pornography and the Commission of Sexual Violence," (Br. of Def. City of Lincoln in Supp. of Mot. in Limine (Constance Chapple) at 5), and still I find no argument that Chapple offered testimony "in her Affidavit and . . . in her deposition in response to Defendants' Motion for Summary Judgment which relate[d] to any subject matter or opinion not disclosed in [her Rule 26(a)(2)(B)] statement." (Def.'s Br. at 7–8.)

The final section of the plaintiff's brief is entitled, "Plaintiff Cannot Show Ms. Chapple Has Expertise or Specialized Knowledge on the Issue of Whether the Existence of Adult Entertainment Establishment(s) Result in Negative Secondary Effects on and in the Community." (Br. of Def. City of Lincoln in Supp. of Mot. in Limine (Constance Chapple) at 6.) In this section, the defendant does refer to excerpts from Chapple's deposition wherein Chapple allegedly discusses a number of research articles that were not disclosed previously in her Rule 26(a)(2)(B) report.

(*See* Br. of Def. City of Lincoln in Supp. of Mot. in Limine (Constance Chapple) at 6–10.) Thus, I can infer that this section of the brief identifies a portion of the material that the defendant argues "is inadmissible and should thus be stricken" because it "relates to any subject matter or opinion not disclosed in the statement of the expert." (Def.'s Br. at 7–8.) However, these references to the Chapple deposition are couched within an argument that "there has not been a showing by Plaintiff that [Ms. Chapple] is armed with sufficient facts or information from which to form an expert opinion on the matter of whether adult entertainment establishments have a negative, deleterious effect in and on a community." (Br. of Def. City of Lincoln in Supp. of Mot. in Limine (Constance Chapple) at 10.) There is no argument that the designated deposition testimony should be excluded simply because it expands upon Chapple's earlier Rule 26(a)(2)(B) report.

Finally, the following paragraph appears in the "Conclusion" section of the defendant's brief in support of its motion in limine:

Even if she is allowed to testify, her testimony should be limited, in accord with paragraph 10 of the progression order, to those opinions disclosed in her letter dated February 8, 2002 (shared with Defendant on or about February 19, 2002).

(Br. of Def. City of Lincoln in Supp. of Mot. in Limine (Constance Chapple) at 11.) However, paragraph 10 of the progression order clearly permits timely supplementation of the disclosures of expert witnesses. (*See* Index of Evidence Offered in Opp'n of Mot. in Limine (Constance Chapple), filing 129, Ex.3, "Amended Order Setting Schedule for Progression of Case," ¶ 10.) The defendant's unsupported suggestion that Constance Chapple's deposition testimony

must be confined to the particulars of her Rule 26(a)(2)(B) report must be considered in light of Rule 26(e), which concerns supplements to such reports. It is possible that Chapple's deposition testimony concerning matters not disclosed in her report qualifies as a Rule 26(e) supplementation. *See, e.g., Tucker v. Ohtsu Tire & Rubber Co., Ltd.,* 49 F.Supp.2d 456, 460 (D.Md. 1999) ("It is equally clear that when Mr. Grogan testified during the first day of his deposition that he had reached two new opinions, his subsequent testimony about those new opinions was a form of supplementation permitted by Rule 26(e)(1)."). Thus, even if deposition testimony sets forth opinions not disclosed in a Rule 26(a)(2)(B) report, it does not necessarily follow that such testimony is inadmissible and cannot be considered in opposition to a motion for summary judgment. The defendant has wholly failed to address this issue.

■■■ I am unable to locate the defendant's "reasons" that "testimony offered in [Chapple'] Affidavit and … deposition … which relates to any subject matter or opinion not disclosed in the statement of the expert … is inadmissible and should thus be stricken," which the defendant claims are "set forth in City's Motion in Limine relating to Constance Chapple." (Def.'s Br. at 7–8.) While it is possible that I have misapprehended the defendant's position, any such misapprehension may be attributed to the defendant's failure to identify with particularity the pages or sections of its motion in limine (or its brief in support thereof) that it wished to incorporate into its motion to strike. In addition, even if I were able to locate the argument or arguments that the defendant intended to incorporate into the motion to strike, the defendant has not identified the specific portions of Chapple's affidavit that it claims should be stricken. In other words, the defendant left for me the task

of wading through the evidence and determining which portions of Chapple's affidavit "relate[ ] to any subject matter or opinion not disclosed in the statement of the expert." (Def.'s Br. at 7–8.) It is possible that I would have found it necessary to perform a similar review of Chapple's deposition as well. I do not believe that I should be required to make such efforts on behalf of the defendant. For all of the foregoing reasons, I find that no portion of the Affidavit of Constance Chapple (filing 138, Ex. 2) or the Deposition of Constance Chapple (filing 138, Ex. 3) shall be excluded from consideration in opposition to the defendant's motion for summary judgment.

## C. The Affidavit and Deposition of Shirley Carr Mason

The plaintiff has also submitted the Affidavit of Shirley Carr Mason (filing 138, Ex. 4) and a copy of the Deposition of Shirley Carr Mason (filing 138, Ex. 5) in opposition to the defendants' motion for summary judgment. In its brief in support of its motion to strike, the defendant argues as follows:

> For the reasons set forth in City's Motion in Limine relating to Shirley Carr Mason, the testimony offered in her affidavit and that offered in her deposition in response to Defendants' Motion for Summary Judgment which relates to a question of law as opposed to a question of fact, is inadmissible and should thus be stricken.

(Def.'s Br. at 8.) Once again, the defendant asks me to incorporate an argument from a motion in limine into its motion to strike. Fortunately for the defendant, it seems that the "Motion in Limine (Shirley Carr Mason)," (filing 113) and the briefs associated with this motion directly concern the issue of whether Mason should be allowed to "testify as to the statutory construction of any ordinance or other law before the

990

Court." (Mot. in Limine (Shirley Carr Mason), filing 113, at 1.) In other words, the defendant's attempt to incorporate argument from its motion in limine concerning Mason is not fraught with the same flaws that doomed its attempt to incorporate argument from its motion in limine concerning Chapple.

In order to consider the merits of the arguments presented by the defendant in its motion in limine concerning Mason, I found it helpful to review the following background facts. Ordinance No. 9.16.240, which sets forth the City of Lincoln's prohibition of "sexual contact," states at subsection (f) that "[t]he provisions of this section shall not apply to a theater, concert hall, art center, museum, or similar establishment which is primarily devoted to the arts or theatrical performances and in which any of the circumstances contained in this section were permitted or allowed as part of such art exhibits or performances." (*See* Index of Evidence Offered in Opp'n to Mot. for Summ. J., filing 138, Ex. 1–E.) According to her affidavit, Mason intends to provide her opinion regarding the defining characteristics of a theatrical performance. (*See* filing 138, Ex. 4, ¶ 5.) Presumably, the plaintiff plans to mount an argument that the activities occurring at Mataya's are "theatrical performances" within the meaning of Ordinance No. 9.16.240(f), and that his club is therefore exempt from the ordinance's prohibition of sexual contact.

In its motion in limine, the defendant argues that Shirley Carr Mason should not be allowed to present an opinion as to "the meaning of 'theater,' 'theatrical performance,'" or any other "statutory" term. (Br. of Def. City of Lincoln in Supp. of Mot. in Limine (Shirley Carr Mason) at 2.) Specifically, the defendant claims that such testimony would be improper under Federal Rule of Evidence 702 because that rule "allows for testimony by a person with specialized knowledge in order to assist the trier of fact understand [sic] or determine a *fact in issue* " as opposed to a legal issue. (Br. of Def. City of Lincoln in Supp. of Mot. in Limine (Shirley Carr Mason) at 2 (emphasis in original).) In support of this argument, the defendant refers to *Police Retirement System of St. Louis v. Midwest Investment Advisory Service, Inc.,* 940 F.2d 351 (8th Cir.1991), wherein the court stated the following:

> More troubling is the System's allegation that one of the defendants' experts, Lee Pickard, a former head of the Securities and Exchange Commission's Division of Market Regulations and a lawyer, was allowed to explain the reach and meaning of § 28(e) to the jury. This was error. Explaining the law is the judge's job. Pickard's extensive law-related expert testimony allowed him to usurp the judge's place. And from that vantage, the System urges, Pickard improperly swayed the jury's decision on the § 28(e) question.

> We agree with the System's contention: Pickard's expert testimony went too far. Pickard's expert-witness credentials were impeccable. He had extensive service in the federal government as a regulator of the financial industry. He even helped promote the idea that Congress adopted in § 28(e). He was the ideal witness to explain the history and purpose of that provision. He also had helpful knowledge of how the securities industry responded to § 28(e), its practices and procedures involving soft-dollar arrangements. Pickard's testimony, however, went farther. He lectured the jury on what § 28(e) meant. He gave extended explanations of why the defendants' conduct was completely sheltered by that provision.

Police Retirement System of St. Louis, 940 F.2d at 357. The defendant also refers me to Farmland Industries v. Frazier–Parrott Commodities, Inc., 871 F.2d 1402 (8th Cir.1989). In Farmland Industries, the Eighth Circuit held that the district court properly limited expert testimony regarding rules of the Commodity Futures Trading Commission that were allegedly violated by the defendants. See Farmland Industries, 871 F.2d at 1409. The court stated:

> [W]e have no doubt that the district court acted properly in ruling that Farmland's expert witness could not testify regarding the requirements of law. See Adalman v. Baker, Watts & Co., 807 F.2d 359, 365–70 (4th Cir.1986). "The special legal knowledge of the judge makes the witness' testimony superfluous.... The admission of such testimony would give the appearance that the court was shifting to witnesses the responsibility to decide the case." Marx & Co. v. Diner's Club, Inc., 550 F.2d 505, 510 (2d Cir.), cert. denied, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977).

Id.

It seems to me that the meaning of the terms "theater" and "theatrical performances" as used in Ordinance 9.16.240(f) is a question of law, and that Mason should not be allowed to provide an expert legal definition of these statutory terms. Although I am mindful of the fact that Mason does not mention Ordinance No. 9.16.240 by name anywhere in her affidavit, (see filing 138, Ex. 4), it is apparent that she intends to offer a definition for "theatrical performance," which is a term taken from that ordinance. (See id. ¶ 5.) This would seem to amount to an usurpation of the "judge's job" to explain the law. Police Retirement System of St. Louis v. Midwest Investment Advisory Service, Inc., 940 F.2d 351, 357 (8th Cir.1991).

However, "Courts have frequently recognized the value of expert testimony defining terms of a technical nature and testifying as to whether such terms have acquired a well-recognized meaning in the business or industry." Nucor Corp. v. Nebraska Public Power District, 891 F.2d 1343, 1350 (8th Cir.1989). Therefore, Mason's definition of "theatrical performance" may be permissible if it is construed as her expert opinion as to the meaning of the term within her field. Also, testimony that a particular activity amounts to a "theatrical performance" within the meaning of the ordinance does not usurp the judge's duty to instruct the jury on the law, and it might be permissible if it "will assist the trier of fact ... to determine a fact in issue." Fed. R.Evid. 702. Testimony of this sort is relatively common. See, e.g., United States v. Just, 74 F.3d 902, 905 (8th Cir. 1996) (holding that district court did not abuse its discretion in allowing expert witness to state his conclusion that a weapon was a "machine gun" within the meaning of a statute.)

In sum, expert testimony that purports to explain the legal meaning of a term is forbidden pursuant to Police Retirement System of St. Louis and Farmland Industries, but testimony defining a term of art as it is used within a given field may be allowed. In addition, testimony that a specific item or event fits within the meaning of a statutory term may be admissible under Federal Rule of Evidence 702 even if it embraces an "ultimate issue." See Fed.R.Evid. 704. For the purposes of the defendant's summary judgment motion, I shall not consider Mason's affidavit or deposition to the extent that those exhibits purport to explain the law. However, the exhibits will not otherwise be stricken.

**IT IS ORDERED** that the defendants' Motion to Strike Portions of the Affidavit Offered by John Ways and the Affidavits and Depositions of Constance Chapple and Shirley Carr Mason, filing 145, is granted in part.